Pedrick *v.* Gordin, Appellant.

Argued April 20, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Philip Richman,* with him *Richman & Richman,* for appellants.

*Abraham L. Hodes,* for appellee.

OPINION BY MR. JUSTICE JONES, May 23, 1955:

The plaintiff, Lola Pedrick, was the owner of a property at 1413 Fairmount Avenue, Philadelphia. By lease dated June 29, 1953, she demised the premises to the defendants for a term of five years at a specified

rental. The lessor was a married woman whose husband was living but did not join in the lease. Mrs. Pedrick held title to the property in her individual name and, consequently, executed the lease individually. The defendants vacated the premises on June 28, 1954.

Because of a prior default by the defendants in the payment of a month's rent, the lessor, pursuant to the warrant of attorney in the lease, had, on May 28, 1954, caused a judgment to be confessed against the defendants for the rent for the balance of the term. Just prior to the defendants' vacating the property they petitioned the court below to have the judgment against them opened and prayed that they be let into a defense. The ground for their petition was that it was beyond the capacity of Mrs. Pedrick, under the Married Women's Act of 1893, P. L. 344, as amended, 48 PS §§31 and 32, to make a valid lease of her property without the joinder of her husband.

A rule to show cause was granted on the defendants' petition to open, and the plaintiff answered. The material facts, as hereinbefore recited, were not disputed. After argument, the court below discharged the rule and entered a final order to such effect. Defendants have appealed.

Appellants' contention that a married woman is incapable of executing a lease, as is here involved, without her husband's joinder is predicated on the language of Section 2 of the Act of 1893, as amended, 48 PS §32,[1] which pertinently provides that "Hereafter a

[1] Section 2 of the Act of 1893, supra, has been amended by Section 2 of the Act of May 17, 1945, P. L. 625, by Section 2 of the Act of April 11, 1947, P. L. 60, and by Section 2 of the Act of May 31, 1947, P. L. 352. It may be noted, although it is of no present materiality, that neither of the 1947 amendments referred to the other.

28

married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, but she may not execute or acknowledge a deed *or other instrument, conveying her real property*, unless her husband join in such conveyance" (Emphasis supplied). Appellants argue that since a lease of real estate is in fact a defeasible conveyance thereof, citing *Ottman v. Albert Company*, 327 Pa. 49, 192 A. 897, the lease in question necessarily falls within the statutory inhibition against an "other instrument conveying [a married woman's] real property." Despite the superficial plausibility of appellants' argument, the fallacy in the position they take is manifest. What their argument ignores is the germane language of Section 1 of the Act of 1893, as amended, 48 PS §31,[2] which declares that ". . . hereafter a married woman shall have the same right and power as a married man to acquire, own, possess, control, use, *lease*, or mortgage, any property of any kind, real, personal or mixed, and either in possession or expectancy, and may exercise said right and power in the same manner and to the same extent as a married man, but she may not execute or acknowledge a written instrument conveying her real property unless her husband join in such conveyance" (Emphasis supplied). It is difficult to perceive how the legislature could more plainly have expressed its intention of enabling a married woman to deal effectively with her separate property than was done by the amended Section 1 of the Act of 1893. She is not only specifically empowered to lease her real estate, she may even mortgage it. The only proscription is that she may not con-

---

[2] Section 1 of the Act of 1893, supra, has been amended by Section 1 of the Act of May 17, 1945, P. L. 625, and by Section 1 of the Act of August 24, 1951, P. L. 1416.

vey her real estate without her husband's joinder. And, a reading of Section 1 of the Act makes the conclusion inevitable that the legislature had no intention to include either a lease or a mortgage within the compass of inhibited conveyances. Any other construction of the section would mean that the legislature authorized a lease or a mortgage in one sentence and denied that authorization in the next. It cannot be presumed that any such anomaly was intended.

Nor is that conclusion altered by the restrictive language of the amended Section 2. The proscription there is the same as in Section 1. And, certainly, if by Section 2 the legislature intended to take away the authorization specifically granted in Section 1, it could and would clearly have said so. As was aptly stated by the learned court below, "Statutes must be reasonably construed to effect the intentions of the legislature. The historical trend of the law relating to married women's capacity to deal with their own property has been one of liberalization since the Act of 1893. No finely spun abstraction can be permitted to circumvent the express intention of the legislature. Words as used in statutes must be given their plain meaning. See the Statutory Construction Act of 1937, P. L. 1019, 46 P.S. 501, et seq."

The appellants' final contention, that the two sections can be harmonized by reading the specific authorization to lease real estate as comprehending only oral leases, does not merit discussion.

Judgment affirmed.