## Country Belle v. Milk Control Commission

Before Kennedy, Brown and McKenna, JJ.

*Paul, Lawrence & Rock,* for appellant.

*Marion D. Weintraub,* for appellee.

BROWN, J., March 16, 1959.—This matter is before the court en banc upon an appeal by Country Belle Cooperative Farmers, hereinafter called appellant, from a special order of the Milk Control Commission of the Commonwealth of Pennsylvania, hereinafter designated as appellee, dated November 24, 1958, in which

order appellant's license as a milk dealer was suspended for one day, with permission to ask appellee for a fine of $50 for each day of suspension in lieu of suspension, for violating the law, to wit, having offered to sell milk and cream below the minimum prices established by appellee contrary to the provisions of the Milk Control Law of April 28, 1937, P. L. 417, as amended, 31 PS §700j-807, the relevant parts of section 807 being as follows:

"After the commission shall have fixed prices to be charged or paid for milk, whether by class, grade, use or otherwise, it shall be unlawful for a milk dealer or handler or producer, knowingly or unknowingly, . . . to sell or deliver . . . or offer to sell or deliver . . . or hold one's self out as willing to sell . . . milk at any price below the minimum price or above the maximum price applicable to the particular transaction."

At the argument before this court it was admitted that the evidence presented no controversy of facts.

The official transcript of the hearing before the appellee reveals that appellee's counsel offered in evidence: (1) The citation and the letter containing its transmittal; (2) appellee's special order showing milk prices that had been set for September through March, and another group of prices for months of April through August. The April through August prices were lower than the September through March prices; (3) appellant's bid which will hereinafter be fully described, as it contains the substance and core of this appeal.

The bid discloses that on or about July 22, 1958, appellant submitted a written bid to Mayview State Hospital, offering to sell quantities of milk and cream to the hospital for the months of September, October and November 1958. These bid form proposals captioned "Commonwealth of Pennsylvania, Public Welfare Department" were submitted to appellant by Mayview

State Hospital and had been prepared by the Department of Property and Supplies of our Commonwealth. The forms contained the caption and designated "Instructions to bidders" as follows: *

(1) Bidder shall insert check mark here ☐ if bidder is submitting bid for all milk and other products covered by this proposal at the minimum prices established by the Pennsylvania Milk Control Commission. Such a bidder agrees that his contract prices shall be revised downward or upward in accordance with any revision in minimum prices made by the commission during the period covered by this proposal.

(2) If bidder wishes to bid prices higher than the minimum established by the commission or if he does not wish his bids to be subject to downward revision, he shall check here. ☐

(3) In any case the bidder shall fill in the item prices and total prices for all products covered by this proposal.

Then followed vertical columns wherein the Commonwealth under each specification of milk, provides the description of the commodity, the quantity for each delivery, the total quantity, and appellant provided the unit price and total price for each item. Appellant inserted a check mark in item "1" above, and the question before the court is as follows:

Is appellee's order or decree reasonable and in conformity with law?

On appeal from an order of the Pennsylvania Milk Control Commission, the court has the province to determine generally whether the order is reasonable and in conformity with the law and is not limited to determining whether there is sufficient evidence to support the board's findings, and whether the law has been correctly applied: Pennsylvania Milk Control

---

* Paragraph numbers ours. Clauses designated "Instructions to bidders" are hereinafter called the "escalator clauses."

Commission v. Nicoson, 57 D. & C. 166. See also section 906 of the Milk Control Law, 31 PS §700j-906.

Appellant submits that the decree is unreasonable and without sanction of law, for the reason that having placed the check mark in the block of the bid, as above stated, indicating that it was submitting the bid for all milk and other products covered by the proposal, at the minimum prices established by the appellee, and having thereby agreed that its contract prices shall be revised downward or upward in accordance with any revision in minimum prices made by appellee during the period "covered by the transaction", the part of the bid specification and itemization of commodity, etc., where it placed minimum prices prevailing at the time of submission of the bid, does not make the bid illegal by offering to sell milk products below minimum prices established by appellee.

Appellee in its brief argues basically that the escalator clause applies only in the event it should revise the prices before delivery, that the prices itemized in the schedule at the time the bid proposal is signed and offered by the milk dealer constitutes a violation of the act if the inserted minimum prices are found to be lower than the prices fixed by the appellee at date of delivery.

The constitutionality of the appellee's power to fix prices and to make reasonable rules and regulations for the enforcement of the same, is definitely settled in this State (Colteryahn Sanitary Dairy v. Milk Control Commission of Pennsylvania, 332 Pa. 15), and this court cannot act as a super milk control commission so as to interfere with appellee's duty of regulating and controlling the milk industry in this Commonwealth, "for the protection of the public health and welfare and for the prevention of fraud", the legislative purpose. See 31 PS §700j-101. Nevertheless, the judiciary is the tribunal to review orders and decrees

of this commission on appeal, and its act will be declared null and void where a penalty is inflicted, a forfeiture declared or an act restrained or restricted unless such orders or decrees are in accord with the following:

" 'All orders and decrees of legal tribunals, including those of administrative boards and commissions, must be supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty; otherwise our vaunted system of justice would rest upon nothing higher than arbitrary edicts of its administrators. "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." . . . "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established." . . . "The rule of substantial evidence is one of fundamental importance and is the dividing line between law and arbitrary power" ' ": Pennsylvania State Board of Medical Education and Licensure v. Schireson, 360 Pa. 129, 133.

The above is not to be watered down, notwithstanding the rule that administrative agencies are not bound by technical rules of evidence: Pennsylvania State Board of Medical Education and Licensure v. Schireson, supra, p. 132.

The appellee's decree imposed a penalty, and although the Milk Control Act contains penalties for its violation, it is not a penal statute (Commonwealth ex rel. Margiotti v. Ortwein, 132 Pa. Superior Ct. 166, 173), and under the section of the act previously quoted, prohibiting sale or offer for sale milk contrary to prices fixed by appellee, knowledge is immaterial. Therefore the evidence or foundation upon which the penalty was imposed is the contract, and appellee urges that its interpretation of the same is consistent in law to sustain the action it has taken.

Appellant contends that when the bidder marks "X" in the escalator clause, he agrees to the minimum prices prevailing at the time of delivery. It is conceded that for several years appellant submitted identical bids, and that Harmony Dairy Company submitted in 1958 an identical bid and was awarded the contract. By what reason or logic should appellant be punished? What wrong has been indicated? There is not a scintilla of evidence of bad faith or of fraud. If Harmony's bid was legal, what makes appellant's bid illegal? In Pennsylvania Milk Control Commission v. Nicoson, supra, at page 178, the learned judge stated that, "Forfeiture should be a punishment for fault which has produced a wrong", and certainly, a penalty should not be imposed by an administrative agency entrusted by the Commonwealth with the power to impose forfeitures and penalties unless the evidence clearly affirms that a wrong has been produced.

As the only evidence here is the bid proposal, we continue our analysis to ascertain its import. It is a principle of law and so well established that authority need not be quoted, that where there is ambiguity in the interpretation of a written contract, the ambiguity should be resolved against the party that prepared it. The bid proposal was prepared by the Commonwealth's Department of Property and Supplies, submitted to appellant by Mayview State Hospital. Appellee is an agency of the Commonwealth, and in reading the bid proposal as a whole, which is our duty to do, there is much to be said in favor of appellant's argument that the escalator clause is controlling, so that the prices in the vertical columns of the contract in no way change the legal bid if the check mark is placed in escalator clause no. 1. This is a rational interpretation in the light of past experience, especially since it was argued by appellant's counsel, and not denied by appellee, that appellee has on occasions changed the

prices established in certain periods after bids have been executed and submitted.

The cardinal rule in interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles; and the intention of the parties must be ascertained from the entire instrument, and each and every part of it must be taken into consideration and given effect if reasonably possible: Foulke v. Miller, 381 Pa. 587.

Furthermore, it is reasonable to expect that if milk dealers are to be penalized for not following the interpretation of a State contract, they should in some way first be notified by the appellee's construction of the contract.

However, conceding arguendo that the law imposes no such duty on appellee, and that milk dealers should not only know the law but should also read contracts of the nature here involved, and construe them as the appellee has done, the result would be an irregularity of slight consequence, and should be considered under the age-old maxim, "de minimus non curat lex": Bristol-Myers Company v. Lit Brothers, Inc., 336 Pa. 81; Sylvan Seal Milk, Inc., v. Pennsylvania Milk Control Commission, 74 D. & C. 289, 301.

We are to construe words and phrases in their common usage (Pedrick v. Gordin, 382 Pa. 26, 29), and the antonym of "reasonable" is of course "unreasonable", and Webster's dictionary defines "unreasonable" as "not conformable to reason; irrational; beyond the bounds of reason or moderation, immoderate; exorbitant".

It is beyond the bounds of reason to subject one to a penalty for following in good faith "instruction to bidders" prepared by an agency of the Commonwealth in the absence of prior interpretation of the instructions, and where the earlier approved practice of sub-

mitting bids was the same as in the case at bar. Appellant's interpretation bears as much logic as appellee's. The ambiguity, if any, must be resolved against appellee who prepared the instruction. Also, no harm resulted from appellant's interpretation.

The order of appellee in this case is unreasonable, without sanction of law, and should not be allowed to stand. It does not meet the principle established in Pennsylvania State Board of Medical Education and Licensure v. Schireson, supra, in that it is not "supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty." This rule governs the acts and decrees of all administrative agencies. In Ruettger v. Pennsylvania Public Utility Commission, 164 Pa. Superior Ct. 388, 395, it is said that: " 'The "desired flexibility in administrative procedure does not go as far as to justify orders without a basis in evidence having rational probative force." ' " The order in the case at bar does not meet this test.