**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Henry Charles BURKE.**

**Appeal of: Roger Brown.**

Superior Court of Pennsylvania.

Submitted April 15, 2002.
Filed June 21, 2002.

---

Rinaldo A. DePaola, Towanda, for appellant.

George P. Skumanick, Asst. Dist. Atty., Tunkhannock, for Com., appellee.

Before: ORIE MELVIN, KLEIN and KELLY, JJ.

KLEIN, J.

¶ 1 In this case of first impression, Roger Brown as Bail Surety, appeals from the order entered in the Court of Common Pleas of Wyoming County forfeiting $2,500 surety on behalf of Henry Charles Burke to the County of Wyoming. We reverse.

¶ 2 At issue here is the tension between Pa.R.Crim.P. 534, which states a bail bond is to be valid until the full and final disposition of a case, and Pa.R.Crim.P. 313, 534 and 535, which state that the acceptance of a defendant into a Accelerated Rehabilitative Disposition (ARD) program constitutes a full and final disposition of a case. In essence, the question is: does the bail obligation continue past the acceptance into ARD and require the completion of the ARD program?

¶ 3 We first note that our jurisdiction over this matter is assumed pursuant to Pa.R.A.P. 301(a).[1] Although no judgment was ever entered on the order in question, in this instance none is required. Pennsylvania Rule of Criminal Procedure 536(A)(2), regarding bail forfeiture, makes no mention of the necessity for a formal entry of judgment to finalize an order for purposes of appealability. Prior case law is also silent on the issue. Therefore, as the final order has been properly docketed, we have jurisdiction over this appeal and will address the issues raised by Brown. We caution the bar, however, that our jurisdiction vests only in instances where bail is forfeited under circumstances such as are presented here. In other circumstances, where Accelerated Rehabilitative Disposition is not at issue, the forfeiture of bail may be interlocutory and not immediately appealable.

¶ 4 Henry Charles Burke was arrested for violations of 75 Pa.C.S. § 3731, Driving Under the Influence, and 75 Pa.C.S. § 3306, Limitations on Driving on the Left Side of the Roadway. Bail was set at

---

**1.** Appealability of an order is conditioned upon the entry of that order on the appropri-ate docket in the lower court.

$2,500. Burke contracted with Roger L. Brown of Brown's Bail Bond Agency of Towanda, Pennsylvania to post bail.

¶ 5 On March 14, 2001, Burke was accepted into a program of Accelerated Rehabilitative Disposition (ARD). Various conditions were placed upon Burke for the successful completion of that program. Among the conditions was the payment of certain fees. Burke did not pay those fees, leaving a balance of $1,066.60.

¶ 6 The court issued a Rule upon Burke to appear and show cause why his ARD should not be revoked. The Rule was returnable August 8, 2001. Burke failed to appear. The Court revoked Burke's ARD and set the matter for jury trial on October 15, 2001, 8:30 a.m.

¶ 7 Once again Burke failed to appear. A bench warrant was issued for his arrest. That warrant has apparently gone unserved. On November 16, 2001, after due notice,[2] and by order of the court, the bail surety issued by Brown on Burke's behalf was forfeited to Wyoming County. Brown now appeals the order of forfeiture.

¶ 8 Brown's argument is simple. He claims that pursuant to the applicable rules, Burke's bail automatically terminated upon his acceptance into the ARD program. As such, no bail surety existed when Burke failed to complete his ARD program and subsequently failed to appear for trial. Because no bail surety existed, there was nothing to forfeit and Brown is entitled to the return of the funds.

¶ 9 The applicable rules state:

Upon the judge's granting of the motion for accelerated rehabilitative disposition, **bail shall be terminated**, and any money or other form of security **deposited**

**shall be returned** in accordance with the rules pertaining to bail.

Pa.R.Crim.P. 313(E) (emphasis added).

When bail is terminated **upon acceptance** of the defendant into the ARD program, **such action constitutes a "full and final disposition"** for purposes of Rule 534 (Duration of Obligation) and Rule 535 (Receipt of Deposit; Return of Deposit).

Pa.R.Crim.P. 313(E) (Comment) (emphasis added).

Unless bail is revoked, a **bail bond shall be valid until the full and final disposition** of the case including all avenues of direct appeal to the Supreme Court of Pennsylvania.

Pa.R.Crim.P. 534 (emphasis added).

When **bail is terminated upon acceptance** of the defendant into an ARD program, such action constitutes a **"full and final disposition"** for purposes of this rule and Rule 535.

Pa.R.Crim.P. 534 (Comment) (emphasis added).

Within 20 days of the full and final disposition of the case, the deposit shall be returned to the depositor, less any bail-related fees or commissions authorized by law, and the reasonable costs, if any, of administering the percentage cash bail program.

Pa.R.Crim.P 535(D).

The relevant Comment to Rule 535 repeats the Comment to Rule 534 verbatim.

■ ¶ 10 Brown argues that under the plain reading of the rules, once Burke was accepted into the ARD program his bail automatically terminated and the county was obliged to return the surety. He claims that the acceptance into ARD con-

---

**2.** Pa.R.Crim.P. 536(A)(2)(b) (requiring notice of forfeiture to be sent to both defendant and surety).

stituted a "full and final disposition" of the case for purposes of bail. We must agree.

¶ 11 The language of the rules is clear. Under Rule 313(E), it is the **acceptance** of a defendant into an ARD program that is the terminating event regarding bail. Had the rule intended the bail obligation to continue through the **completion** of the ARD program, it would have said so. Thus, under the rules, the bail obligation ended with the agreement to accept Burke into ARD on March 14, 2001. Because bail terminated at that point, there was, legally, nothing to forfeit on November 16, 2001.

¶ 12 The Commonwealth argues that the comments to Rules 534 and 535 state: "*When* bail is terminated...," meaning the termination of the bail obligation is conditioned upon court order. As no such order was ever issued, bail never terminated. This interpretation ignores the mandatory language of Rule 313 which states that upon acceptance into ARD "bail **shall** be terminated" and "any money...**shall** be returned." We interpret the word "when," as used in the commentary to Rules 534 and 535, therefore, to refer not to the condition of the entry of a court order, but to the condition of acceptance into ARD. That condition was met.

 ¶ 13 Finally, the Commonwealth argues that *Commonwealth v. Horce*, 726 A.2d 1067 (Pa.Super.1999), holds the contractual language of the surety agreement reflects an agreement that the posted bond continues until full disposition of the case or actual forfeiture of the bond. We agree. While there has been no full and final disposition of the criminal charges against Burke, the rules clearly state that for purposes of *bail*, acceptance into ARD does constitute a full and final disposition. As that full and final disposition occurred some nine months prior to the forfeiture order, there was, in fact, nothing to forfeit.

¶ 14 Also, the trial court opines that had Brown simply filed a motion once Burke had been accepted into ARD, it most likely would have returned the surety. We do not doubt this. However, nowhere in the rules is the return of bail conditioned upon the filing of a motion. We will not interpret the rules to require a motion be filed in this circumstance.

¶ 15 Finally, while not stated overtly in its brief, the Commonwealth appears to believe that it makes little sense to terminate bail for a defendant until he has successfully completed an ARD program. We are sympathetic to this argument and agree that it is sensible, but the clear language of the rules requires a different outcome. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). *See also Pedrick v. Gordin*, 382 Pa. 26, 114 A.2d 124, 125 (1955) (no finely spun abstraction can be permitted to circumvent the express intention of the legislature); *Halko v. Board of Directors of School District of Foster Tp.*, 374 Pa. 269, 97 A.2d 793 (1953) (the court in construing a statute cannot rewrite the statute.)

¶ 16 Order reversed. Bail bond to be returned Brown in accordance with Rule 535(D). Jurisdiction relinquished.