J-S12036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT GREY | : | |
| | : | |
| Appellant | : | No. 2351 EDA 2019 |

Appeal from the PCRA Order Entered July 8, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002085-2017

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 13, 2020**

Appellant, Robert Grey, *pro se*, appeals from the order entered July 8, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We reverse the PCRA order, vacate the underlying judgment of sentence in part, and remand for resentencing on the issue of restitution.

On January 30, 2018, Appellant pleaded *nolo contendere* to conspiracy to commit burglary[2] and was immediately sentenced to 18 to 36 months of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 903 (to commit *id.* § 3502(a)(2) ("enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present")).

confinement. During his sentencing hearing, the trial court asked if the Commonwealth was going to request restitution, and the Commonwealth answered that it would "just ask for $1.00 now." N.T., 1/30/2018, at 3-4. The written sentencing order did not include any mention of restitution. Appellant did not file a direct appeal.

On March 1, 2018, the trial court entered a separate order for restitution in the amount of $67,398.48. No hearing was held on the issue of the amount of restitution. Appellant again did not file an appeal following the entry of this order.

On January 18, 2019, Appellant filed his first, *pro se*, timely PCRA petition, alleging ineffective assistance of counsel for failing to advise him that he would owe restitution, amongst other issues. On January 23, 2019, the PCRA court appointed counsel to represent Appellant. On May 28, 2019, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Neither the petition to withdraw nor the "no merit" letter addressed the issue of restitution.

On June 4, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On July 8, 2019, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's petition. On August 2, 2019, Appellant filed this timely appeal.

On August 9, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) no later than 21 days from the date of the order – *i.e.*, by August 30, 2019. Appellant filed a handwritten, one-page motion for extension of time to file his Rule 1925(b) statement, requesting an additional 45 days ("the Motion"). According to the Motion:

> [Appellant] has submitted multiple requests to [State Correctional Institution] Forrest's Law Library with the importance of the situation and sensitivity to time with no response. Without the use of the Law Library[, Appellant] has no way to look up case law or the Pa.R.A.P. codes. [Appellant] is therefore blind and unknowing what it is the court is asking of him also making it impossible to reply properly. Also without the use of the Law Library[, Appellant] has to write out every page to every court official individually because he has no access to a printer. These issues are beyond the control of [Appellant.]

The date on the Motion itself was August 18, 2019; the postmark on the envelope in which it was mailed to the Clerk of Judicial Records was September 4, 2019. There is no evidence of when the Motion was placed in the hands of prison authorities for mailing. On September 17, 2019, the PCRA court denied the Motion, deeming it to be untimely and finding that Appellant had not established "good cause" for an extension of time, without further explanation. On September 24, 2019, the PCRA court entered an opinion stating that all of Appellant's claims had been waived for failure to comply with the court's order to file a Rule 1925(b) statement; the trial court opinion made no mention of restitution.

Preliminarily, we must address whether Appellant's issues were waived for failure to file a Rule 1925(b) statement. As noted above, Appellant filed the Motion for extension of time to file his Rule 1925(b) statement. If the handwritten date on the Motion -- August 18, 2019 -- were considered the date of the Motion, then the Motion was timely. However, if the postmark on the Motion's envelope -- September 4, 2019 -- were considered the date of the Motion, then the Motion was untimely. "[U]nder the 'prisoner mailbox rule' a document is deemed filed when placed in the hands of prison authorities for mailing." *Commonwealth v. Whitehawk*, 146 A.3d 266, 268 n.3 (Pa. Super. 2016). Nevertheless, there is no evidence of when the Motion was placed in the hands of prison authorities for mailing. Without such proof, we cannot unequivocally stated that the Motion was untimely.

Additionally, "Rule 1925 require[s] our courts to consider carefully an appellant's request for an extension of time within which to file a Rule 1925(b) statement." *Commonwealth v. Hopfer*, 965 A.2d 270, 273 (Pa. Super. 2009). In *Hopfer*, *id.* at 272, the appellant had filed a motion for extension of time to file his Rule 1925(b) statement, which the PCRA court denied without providing any analysis as to why it did not find the appellant's justification for needing the extension to be reasonable. This Court held that when an appellant "files for an enlargement or extension of time within which to file his Rule 1925(b) statement, the trial court must explain why it finds that good cause was not shown **before** it may deny the request." *Id.* at 271.

Accordingly, this Court determined that "remand [was] necessary for the proper filing of a Rule 1925(b) statement and Rule 1925(a) opinion." ***Id.*** at 274.

Analogously, in the current action, Appellant filed the Motion for extension of time to file a Rule 1925(b) statement, which the PCRA court denied without providing justification for its finding that good cause had not been show. Consequently, in the interests of justice, we would normally remand to allow Appellant to file a Rule 1925(b) statement in order to preserve his appellate challenges and to allow the PCRA court then to file a supplemental Rule 1925(a) opinion.

Nonetheless, we are aware that one of Appellant's issues is the legality of the award of restitution, because he raised it in his *pro se* PCRA petition and his appellate brief. Appellant's Brief at 3. "[A]n award of restitution relates to the legality of a sentence[.]" ***Commonwealth v. Tanner***, 205 A.3d 388, 398 (Pa. Super. 2019).[3] A "court may entertain a challenge to the

---

[3]     Restitution is authorized under both the Crimes Code and under the Sentencing Code. The Crimes Code, in 18 Pa.C.S. § 1106, controls restitution as a direct sentence. The Sentencing Code, in 42 Pa.C.S. § 9754, permits a sentence of probation and offers a non-exclusive list of permissible conditions of probation, including restitution.

***Commonwealth v. Deshong***, 850 A.2d 712, 715–16 (Pa. Super. 2004). As the trial court in the current action did not order probation, the restitution award consequently must be pursuant to the Crimes Code under 18 Pa.C.S. § 1106 and, ergo, part of his direct sentence.

legality of the sentence so long as the court has jurisdiction to hear the claim."

***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*);

***see also Commonwealth v. Hoffman***, 198 A.3d 1112, 1123 (Pa. Super.

2018) ("challenge to the legality of sentence is never waived");

***Commonwealth v. Walker***, 666 A.2d 301, 307 (Pa. Super. 1995) (citing

***Commonwealth v. Balisteri***, 478 A.2d 5 (Pa. Super. 1984) (legality of

sentence of restitution is not a waivable issue and, therefore, we must address

appellant's contention)).

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Lekka***, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

Our Supreme Court has explained:

> [R]estitution must properly be included in a sentence. ***Commonwealth v. Dinoia***, 801 A.2d 1254, 1257 n.1 (Pa. Super. 2002); ***Commonwealth v. Torres***, 579 A.2d 398, 401 (Pa. Super. 1990). Section 1106(c)(2) provides that "**[a]t the time of sentencing** the court shall specify the amount and method of restitution." 18 Pa.C.S. § 1106(c)(2). Further, "[i]t shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court **at or prior to the time of sentencing** as to the amount of restitution to be ordered; ... based upon information solicited by the district attorney and received from the victim." ***Id***., [18 Pa.C.S.] § 1106(c)(4)(i). In ***Dinoia***, the Superior Court held these requirements "provide[ ] the defendant with certainty as to his sentence, and at the same time allow[ ]for subsequent modification [pursuant to § 1106(c)], if necessary." ***Dinoia***, at 1257.

***Commonwealth v. Dietrich***, 970 A.2d 1131, 1134 (Pa. 2009) (emphasis

added) (some additional formatting added). Failure to comply with Section

- 6 -

1106(c)(2) results in an illegal sentence. ***Commonwealth v. Mariani***, 869 A.2d 484, 485-86 (Pa. Super. 2005) (invalidating trial court's order at the sentencing hearing which failed to specify both the amount and method of restitution and postponed determining same until after sentencing hearing); ***Commonwealth v. Deshong***, 850 A.2d 712, 715–16 (Pa. Super. 2004) (citing ***Commonwealth v. Dinoia***, 801 A.2d 1257, 1257 n.1 (Pa. Super. 2002)) (same); ***see Walker***, 666 A.2d at 310 (citing ***Commonwealth v. Reed***, 543 A.2d 587, 589 (Pa. Super. 1988); ***Balisteri***, 478 A.2d 5) ("an order of restitution that was not supported by the record was illegal").

In the current appeal, rather than setting the amount and method of restitution at the time of sentencing, the trial court subsequently entered an order for the amount of restitution due. As the trial court failed to comply with Section 1106(c)(2), Appellant's sentence is illegal. ***Mariani***, 869 A.2d at 486-87 ("[T]he illegality of one part invalidates the whole.").

When a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated, and the matter remanded for resentencing. ***Deshong***, 850 A.2d at 714 (citing ***Commonwealth v. Goldhammer***, 517 A.2d 1280 (Pa. 1986); ***Commonwealth v. Farone***, 808 A.2d 580 (Pa. Super. 2002)). Accordingly, we vacate the judgment of

sentence and remand for resentencing in compliance with 18 Pa.C.S. § 1106(c).[4]

For the reasons set forth above, we remand this matter to the trial court to appoint counsel to represent Appellant at his resentencing hearing within 21 days of the date that the certified record is returned to the trial court. While we would normally include a date by which the resentencing hearing must occur, we are reluctant to issue a specific timeline given the coronavirus disease 2019 ("COVID-19") pandemic. Instead, we relinquish panel jurisdiction at this time so that the parties and the trial court may begin the sentencing process anew, and we direct the court and the parties to comply with the standard timing requirements as much as possible.

PCRA order reversed. Judgment of sentence vacated. Case remanded for additional proceedings consistent with this decision. Panel jurisdiction relinquished.

_____

[4] Upon resentencing, we advise the trial court to consider the following tenets:

> Pursuant to Section 1106, the Commonwealth is responsible for making a recommendation to the sentencing court as to the amount of the restitution to be ordered based on information provided by the victim or other available information. 18 Pa.C.S. § 1106(c)(4)(i)-(ii). Restitution is proper only if there is a direct causal connection between the crime and the loss. Because restitution is a sentence, the amount ordered must be supported by the record, and may not be speculative. In addition, the amount of restitution awarded must be determined under the adversarial system with considerations of due process.

*Commonwealth v. Lekka*, 210 A.3d 343, 358 (Pa. Super. 2019) (internal brackets, quotation marks, and some citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/20