**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Timothy HOPFER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 16, 2008.
Filed Jan. 28, 2009.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., West Chester, for Com., appellant.

BEFORE: ORIE MELVIN, KLEIN, and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

¶ 1 Appellant, Timothy Hopfer, files this *pro se* appeal from the order of the Chester County Court of Common Pleas, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] The PCRA court found all of his claims waived because his Pa.R.A.P. 1925(b) statement was untimely filed. Appellant has also filed a motion to amend and supplement statement of matters complained of on appeal. We hold that when an appellant timely files for an enlarge-

ment or extension of time within which to file his Rule 1925(b) statement, the trial court must explain why it finds that good cause was not shown before it may deny the request. We further hold that this Court's decision in *Commonwealth v. Bond*, 428 Pa.Super. 344, 630 A.2d 1281 (1993), does not apply when the PCRA court grants counsel's request to withdraw representation and dismisses the PCRA petition less than twenty days before the petitioner receives counsel's official request for withdrawal. Accordingly, we vacate the PCRA court's order and deny as moot Appellant's motion to amend and supplement statement.

¶ 2 As part of a plea agreement, Appellant pleaded guilty to one count of drug delivery resulting in death on September 5, 2006, for which Appellant received a sentence of five to ten years' imprisonment. Appellant did not file a direct appeal. On September 10, 2007, Appellant filed his first *pro se* PCRA petition.[2] On September 12, 2007, the public defender's office was appointed to represent Appellant and amend his petition. Counsel wrote to Appellant on September 17, 2007, explaining that "a review of the key documents in your case indicates that the allegations in your Post Conviction Relief Act Petition at this point are without merit." Letter from counsel to Appellant, dated 9/17/07, at 1. Nonetheless, counsel indicated: "I have requested a transcript of your plea and sentencing and we will review it for any issues that may arise." *Id.* On November 5, 2007, PCRA counsel sent Appellant a detailed *Turner/Finley*[3] no-merit

---

* Former Justice specially assigned to the Superior Court.

1. 42 Pa.C.S. §§ 9541–9546.

2. Pursuant to the "prisoner mailbox rule," we deem Appellant's documents filed on the date when he placed them in the hands of prison

authorities for mailing. *See Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa.Super.2001).

3. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

letter. The PCRA court dismissed Appellant's petition on November 7, 2007, doing so without issuing a Pa.R.Crim.P. 907 notice of intent to dismiss.

¶ 3 Appellant filed his notice of appeal on December 2, 2007. On January 14, 2008, the PCRA court directed Appellant, pursuant to Pa.R.A.P.1925(b), to file his statement of errors complained of on appeal within 21 days. Thus, Appellant's 1925(b) statement was due on or before February 4, 2008. On January 29, 2008, Appellant filed a motion for extension of time to file the statement, averring that he provided his family with the trial court record in the hopes of their obtaining the services of private counsel. The PCRA court denied his motion. Appellant nonetheless filed his statement on February 22, 2008.[4] The PCRA court subsequently filed a Rule 1925(a) opinion finding Appellant's issues waived.

¶ 4 Initially, we review whether Appellant indeed waived his claims on appeal. For many years, it was well-settled that full compliance with a Rule 1925(b) order was mandatory in the strictest sense. *See generally Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) (establishing bright-line rule for Rule 1925 analyses); *see also Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005) (re-affirming bright-line *Lord* rule and emphasizing disapproval of exceptions to *Lord* rule); *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771 (2005) (acknowledging equitable appeal of granting relief, but nonetheless holding that *Lord* and *Castillo* mandated finding of waiver). From the time our Supreme Court filed *Lord* in 1998 until July 24, 2007, the appellate courts of this Commonwealth were required to interpret

Rule 1925(b) strictly, which at the time provided only:

**(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P. 1925(b) (2006). *See Schofield, supra; Castillo, supra; Lord, supra.* Importantly, this Court *en banc* relied on the then-recent decisions in *Castillo* and *Schofield* to find that supplemental Rule 1925(b) statements filed outside of the 14–day requirement resulted in waiver of those claims. *See Commonwealth v. Jackson*, 900 A.2d 936, 939 (Pa.Super.2006) *(en banc)* (finding that untimely supplemental statements, filed without leave of court, did not preserve those issues for appeal); *see also Commonwealth v. Woods*, 909 A.2d 372, 378 (Pa.Super.2006) (holding that appellants must file separate petition seeking leave of court to file untimely supplemental statement), *appeal denied*, 591 Pa. 714, 919 A.2d 957 (2007).

¶ 5 However, on July 25, 2007, the current version of Rule 1925 went into effect. *See* Pa.R.A.P. 1925 (2008). This version of Rule 1925 eliminated the automatic-waiver rule inherent in the previous version by specifically providing: "In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa. R.A.P. 1925(b) (2008). Perhaps more sig-

---

**4.** Although the PCRA court's docket indicates that Appellant filed the statement and the PCRA court acknowledges having received it, it is not contained in the certified record, nor does Appellant attach a copy to his brief.

nificantly, the revised version now provides for automatic **remand** when counsel fails to file a timely Rule 1925(b) statement:

**(c) Remand.—**

\* \* \*

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge

Pa.R.A.P. 1925(c)(3). A panel of this Court recently recognized that counsel's failure to file a timely statement warranted remand for the filing of a Rule 1925(b) statement *nunc pro tunc. See Commonwealth v. Scott*, 952 A.2d 1190, 1192 (Pa.Super.2008).

¶ 6 It is evident that the revised rule has relaxed the strict-waiver requirements of *Lord* and its progeny. From that perspective, we examine the relevant portion of current-Rule 1925(b), which provides: "Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed." Pa.R.A.P. 1925(b)(2) (2008). Further, the Note to Paragraph (b)(2) provides: "An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel." Pa.R.A.P. 1925, Note (2008).

■ ¶ 7 In our view, the revisions to Rule 1925 require our courts to consider carefully an appellant's request for an extension of time within which to file a Rule 1925(b) statement. Instantly, when Appellant filed his timely motion for extension of time, he averred, "All legal documents and materials that were in the Appellant's possession was [sic] sent home in hopes of finding a private attorney for the Appeal to Superior Court." Motion for Extension of Time, filed 2/4/08, at 1.[5] Recognizing the change in the rule, the PCRA court stated in its opinion: "I denied this motion [for extension of time] on February 12, 2008, after finding that defendant had not shown the 'good cause' necessary for such an extension pursuant to Pa.R.A.P. 1925(b)(2)." PCRA Ct. Op., at 2. The PCRA court did not elaborate further. Because the current version of Rule 1925(b) now specifically provides that an appellant may seek an enlargement of time for filing the statement, we consider it necessary for the court receiving the request to analyze carefully whether the appellant showed "good cause." The PCRA court's bald statement that Appellant failed to show good cause falls short of this standard, having failed to explain why it did not find Appellant's justification reasonable.[6] Accordingly, we are unable to

---

5. The PCRA court opinion states that Appellant filed his motion on the last day of the Rule 1925(b) filing period, February 4, 2008. This date was when the PCRA court received and date-stamped the motion; however, as noted *supra* n. 2, we consider the date Appellant gave the motion to authorities for mailing as the proper filing date, pursuant to the prisoner-mailbox rule. *See Castro, supra.*

6. In context, it is also important to consider that a first PCRA petition often represents a petitioner's only chance for relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 399 (Pa.Super.2002) (acknowledging that PCRA's time constraints require timely filing of appeals from denial of first PCRA petition, "or run the substantial risk of having that right lost forever"). It would appear that unless the PCRA court were to find other factors casting doubt on Appellant's claim, Appellant's decision to send the trial court record to his family in the hopes of obtaining private

accept the PCRA court's finding of lack of good cause.

¶ 8 As a result, remand is necessary for the proper filing of a Rule 1925(b) statement and Rule 1925(a) opinion. *See Commonwealth v. McBride,* 957 A.2d 752, 757–58 (Pa.Super.2008) (concluding that record is incomplete without properly filed Rule 1925(b) statement and Rule 1925(a) opinion, even in context of counsel's petition to withdraw on direct appeal). However, we also note that the PCRA court observed an irregularity in its dismissal of Appellant's petition:

I dismissed defendant's PCRA petition without a hearing. Pursuant to Pa. R.Crim.P. 907(1), a PCRA court can dismiss a PCRA petition without a hearing, but first must inform the defendant of its intent to do so, and permit the defendant 20 days in which to respond to the proposed dismissal. That did not happen in this case. Rather, on November 7, 2007, I both granted counsel's petition to withdraw and dismissed the defendant's PCRA petition outright. However, I do not believe that under the facts of this case this irregularity entitles defendant to appellate relief.

In *Commonwealth v. Bond,* [428 Pa.Super. 344,] 630 A.2d 1281 (Pa.Super.1993), a trial court dismissed defendant's PCRA petition without a hearing after defense counsel submitted a "no merit" letter and the court conducted its own independent review of the record. The defendant's major claim on appeal was that he was not notified of the PCRA court's intention to dismiss the petition without a hearing, in violation of

Rule 1507 ( [now] Pa.R.Crim.[P.] 907). *Id.* at 1282. The Superior Court held that that failure to comply with the rule did not mandate relief under the circumstances of the case, premising its decision o[n] the "elaborate set of requirements" which must be followed before an attorney will be permitted to withdraw from representing a PCRA petitioner. The court cited to counsel's detailed "no-merit" letter as well as other correspondence with the defendant and determined that the defendant was "well aware of the deficiencies of his claims . . ." and suffered no prejudice by the trial court's failure to strictly comply with Rule 1507. *Id.* at 1283.

Similarly, the defendant in the instant [case] was fully aware of the deficiencies of his own claims prior to his petition being dismissed on November 7, 2007. On September 17, 2007, counsel wrote to defendant informing him that his review of the case **to that point** indicated that the allegations of his PCRA petition were without merit. Thereafter, on November 5, 2007, counsel completed a formal no-merit letter, which specifically informed defendant of the extent of counsel's review of the petition, the claims raised by the defendant, and why in counsel's view the claims were without merit. Additionally, as required by Pa.R.Crim.P. 907(1), my review of the record convinced me that defendant was not entitled to post-conviction collateral relief and that defendant's petition was properly dismissed without a hearing.

PCRA Ct. Op. at 3–5 (emphasis added).

¶ 9 As noted by the PCRA court, the *Bond* Court found Rule 907 notice unnec-

counsel was reasonable, particularly when his previous counsel advised him upon withdrawing appearance that he may seek representation from private counsel. *Accord Commonwealth v. Lasky,* 934 A.2d 120 (Pa.Super.2007) (citing *Commonwealth v. Bennett,* 593 Pa.

382, 930 A.2d 1264 (2007)) (remanding for evidentiary hearing to determine if petitioner was abandoned by third appointed counsel, who petitioned to withdraw without any counsel having filed amended petition on petitioner's behalf).

essary when counsel and the court "scrupulously followed the procedure that we established in *Finley*." *See Bond,* 630 A.2d at 1283. However, we find *Bond* distinguishable in a number of ways. Counsel informed Bond on a number of occasions that he could not relitigate claims already addressed, and fully resolved, in previous proceedings. *Id.* The *Bond* Court was also skeptical of his claim that he never received a no-merit letter, but nonetheless found that Bond knew exactly the reasons for counsel's withdrawal due to "numerous" other correspondences by counsel. *Id.* at 1283 n. 3. Finally, the *Bond* Court concluded that Bond was "well aware of the deficiencies in his claims and of counsel's intention to withdraw[, and] [i]f Bond wished to respond to counsel's motion, he had every right to do so. He chose not to." *Id.* at 1283. Instantly, although counsel informed Appellant in September of 2007 that he found Appellant's petition meritless, he specifically indicated that this determination was based on his investigation "at this point." Letter from counsel to Appellant, *supra* at 1. Significantly, counsel indicated that he would order the plea and sentencing transcripts, thereby informing Appellant that his investigation was not yet complete. Based on the certified record, this September letter is one of the only correspondences we know of between counsel and Appellant because the record has not been developed otherwise. We especially note that counsel, in the no-merit letter sent in November, specifically addressed Appellant's claims regarding the plea colloquy, claims which counsel could not review in the September letter because he had not yet ordered the notes of testimony for the plea and sentencing hearings.[7] Finally, Appellant had no chance to respond to

counsel's official motion to withdraw because the PCRA court dismissed Appellant's PCRA petition immediately after receiving counsel's motion, and Appellant could not have received the no-merit letter, dated November 5, 2007, more than two days before the PCRA court's dismissal order of November 7, 2007. *Compare with Bond, supra* (finding that Bond could have responded to the **motion,** but chose not to). Accordingly, we find that Appellant was deprived of his opportunity to respond to a notice of intent to dismiss. We now hold that service of any notice of dismissal, whether in the form of a Rule 907 notice by the court or a *Turner/Finley* no-merit letter, must occur at least twenty days prior to an official dismissal order.

¶ 10 Accordingly, we hold that a court may not deny an appellant's timely motion for enlargement of time to file a Rule 1925(b) statement without providing justification for its finding that good cause has not been shown. We further hold that service of any type of notice of dismissal must occur at least twenty days before his petition is dismissed. Because we find a violation of Rule 907 has occurred, we are constrained to vacate the PCRA court's order denying Appellant's PCRA petition. Upon remand and return of the record, Appellant shall have twenty days to file with the PCRA court his reasons for objecting to dismissal of the petition without a hearing. The PCRA court shall then proceed accordingly.

¶ 11 Order vacated. Motion to amend and supplement statement denied as moot. Case remanded. Jurisdiction relinquished.

---

7. In the November letter, counsel references a letter Appellant wrote to him specifically noting and circling the claims he wished counsel to investigate regarding the plea colloquy. Thus, it appears Appellant did respond to the September letter.