J-S01020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLEN ONEIL BALTIMORE A/K/A ALLEN FITZGERALD | |
| Appellant | No. 666 WDA 2014 |

Appeal from the PCRA Order March 19, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017389-2001

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.: **FILED JANUARY 27, 2015**

Allen O'Neil Baltimore, a/k/a Allen Fitzgerald, ("Appellant") appeals from the order of the Allegheny County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On October 10, 2002, a jury found Appellant guilty of robbery,[1] receiving stolen property,[2] and criminal conspiracy.[3] The Commonwealth provided notice of its intention to proceed pursuant to the mandatory

---

[1] 18 Pa.C.S. § 3701.

[2] 18 Pa.C.S. § 3925.

[3] 18 Pa.C.S. § 903.

sentencing provisions of 42 Pa.C.S. § 9714(a)(2),[4] due to Appellant's prior violent crime convictions.[5]  On January 2, 2003, the court sentenced Appellant to 25 to 50 years' incarceration.[6]  Appellant filed post-sentence motions, which the court denied.  He appealed, and, on October 22, 2003, this Court dismissed the appeal for a failure to file a docketing statement pursuant to Pennsylvania Rule of Appellate Procedure 3517.

On June 23, 2003, Appellant filed a *pro se* PCRA petition requesting reinstatement of his appellate rights *nunc pro tunc*.  On January 14, 2004, the PCRA court appointed counsel and reinstated Appellant's appeal rights.

---

[4] Although the notice contained in the certified record is a notice of the Commonwealth's intention to proceed pursuant to the mandatory sentencing provisions of 42 Pa.C.S.§ 9712, at sentencing, the parties and the court discussed the mandatory sentencing provisions of 42 Pa.C.S. § 9714, and defense counsel stated the Commonwealth provided notice of its intention to request a mandatory sentence pursuant to 42 Pa.C.S.§ 9714(a)(2).  N.T., 1/2/2003, at 4-19.

[5] Although the Supreme Court of the United States found facts that increase mandatory minimum sentences must be submitted to the jury, it noted there was "a narrow exception to this general rule for the fact of a prior conviction."  **Alleyne v. United States**, 133 S.Ct. 2151, 2160 n.1, 2163, --- U.S. --- (U.S. 2013).  Because the parties did not challenge the validity of the exception, the Supreme Court did not revisit it.  **Id.**, at 2160 n.1.

[6] The trial court sentenced Appellant to a term of 25 to 50 years' incarceration for robbery and a concurrent term of 10 to 20 years' incarceration for conspiracy.  N.T., 1/2/2003, at 18-19.  Appellant did not receive a sentence for receiving stolen property.  **Id.**  Appellant was also charged with a summary count of reckless driving.  The court fined him $200.00 for this summary violation.  N.T., 1/2/2003, at 19.

On February 9, 2004, Appellant filed a notice of appeal. On June 21, 2005, this Court affirmed the judgment of sentence. *Commonwealth v. Baltimore*, No. 298 WDA 2004 (Pa.Super. filed June 21, 2005) (unpublished memorandum). On June 6, 2006, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. Appellant did not seek further review in the Supreme Court of the United States.

On March 29, 2007, Appellant filed a PCRA petition. The PCRA court appointed counsel, who filed an amended petition. Appellant then filed a *pro se* amended petition. On January 24, 2008, the court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 21, 2008, the court dismissed the petition. Appellant appealed, and this Court affirmed. *Commonwealth v. Baltimore*, No. 597 WDA 2008 (Pa.Super. filed Dec. 30, 2008) (unpublished memorandum). On September 29, 2009, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On December 9, 2011, Appellant filed a third PCRA petition. On December 14, 2011, the PCRA court issued a notice of intent to dismiss the petition, and, on January 17, 2012, it dismissed the petition. Appellant filed a notice of appeal and, on March 5, 2013, this Court affirmed the dismissal. *Commonwealth v. Baltimore*, No. 874 WDA 2012 (Pa.Super. filed Mar. 5, 2013) (unpublished memorandum).

On February 14, 2014, Appellant filed the instant PCRA petition. On February 25, 2014, the PCRA court issued a notice of intent to dismiss the

petition and, on March 19, 2014, it dismissed the petition as untimely. On April 14, 2014, Appellant filed a timely notice of appeal.[7] Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following two issues on appeal:

> I. Where during appellants initial review collateral proceedings a miscarriage of justice occurred that no civilized society can tolerate for the substantial reasons of conflict of interest, fraud and continuing governmental interference should not this court remand this matter for the filing of a timely initial review collateral petition for the substantial reasons states?
>
> II. Whether the lower court abused its discretion in finding Appellant did not establish a prima facie case of fundamental miscarriage of justice, in the totality of the after-discovered and newly discovered evidence presented under the factual and procedural history of the case, warranting a new trial where petition is innocent, and/or in light of ***McQuiggins v. Perkins***, 133 S.Ct. 1924 (2013) that would warrant, at a minimum, a remand for a hearing?

Appellant's Brief at 4 (verbatim from brief; capitalization removed).

_____

[7] Although the notice of appeal was not docketed until April 22, 2014, Appellant certified that he mailed the document on April 14, 2014. "Pursuant to the 'prisoner mailbox rule,' we deem [an appellant's] documents filed on the date when he placed them in the hands of prison authorities for mailing." ***Commonwealth v. Hopfer***, 965 A.2d 270, 272 n. 2 (Pa.Super.2009) (citing ***Commonwealth v. Castro***, 766 A.2d 1283, 1287 (Pa.Super.2001)). Accordingly, Appellant timely filed his notice of appeal.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's statute of limitations exist. The exceptions allow for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United

> States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking an exception outlined above, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on September 5, 2006, when the time to seek review by the Supreme Court of the United States expired.[8] He had one year from that date, i.e., September 5, 2007, to file a timely PCRA petition. Therefore, his current petition, filed on February 13, 2014, is facially untimely.

Appellant initially maintains the PCRA court lacked jurisdiction to address his first timely PCRA petition because he initiated the proceedings using a form provided by the Department of Corrections ("DOC"). This claim lacks merit. Prisoners often initiate PCRA proceedings by using the standard PCRA forms provided by the DOC. That the DOC provides the forms does not create any conflict of interest or affect the PCRA court's jurisdiction. Further, the other alleged deficiencies in the form, including an alleged lack

---

[8] Appellant had 90 days from the date the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for a writ of *certiorari* with the Supreme Court of the United States. **See** U.S. Sup. Ct. R. 13. Ninety days from June 6, 2006, the date the Pennsylvania Supreme Court denied Appellant's petition for review was Monday, September 4, 2006, which was Labor Day. Therefore, Appellant had until Tuesday, September 5, 2006 to appeal to the Supreme Court of the United States.

of a jurisdictional statement, do not deprive the court of jurisdiction. The form is a proper device utilized to initiate PCRA proceedings and the PCRA court had jurisdiction to address any issues raised therein.

Appellant next alleges he has pled and proved the after-acquired evidence exception applies, i.e., "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *See* 42 Pa.C.S. § 9545(b)(1)(ii). Appellant maintains the Commonwealth withheld impeachment evidence, i.e., a transcript from a prosecution witness's plea and sentencing proceeding for retail theft. Appellant's Brief, at 33. Appellant maintains the transcript establishes the witness suffered from schizophrenia, which counsel should have used to impeach the witness's credibility. *Id.* This claim lacks merit.

It is unclear when counsel or Appellant obtained the transcript. Pursuant to Appellant's brief, Appellant possessed the material as early as April 23, 2007.[9] Appellant's Brief, at 33. This is more than 60 days before he filed the current PCRA petition on February 13, 2014. Accordingly,

---

[9] Further, it appears Appellant had received the transcript from direct appeal counsel, and Appellant challenged the witness's credibility on direct appeal because of his retail theft conviction. Appellant's Brief, at 33; Concise Statement of Matters Complained of on Appeal, at ¶ 7, *Commonwealth v. Baltimore*, No. 2001-17389 (Pa.Super. filed Mar. 10, 2004). Accordingly, Appellant could have ascertained the witness's alleged schizophrenia in the exercise of due diligence.

Appellant did not timely raise his after acquired-evidence claim. **See** 42 Pa.C.S. § 9545(b)(2) (to invoke an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented").

Accordingly, the trial court did not err when it dismissed Baltimore's PCRA petition as untimely.

Order affirmed. Appellant's Application for Recusal and Disqualification denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015