J-S01024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| IVAN MARSHALL CROCKETT | |
| Appellant | No. 825 WDA 2014 |

Appeal from the Order February 6, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000895-2008
CP-07-CR-0000996-2008
CP-07-CR-0000997-2008
CP-07-CR-0002284-2008
CP-07-CR-0002287-2008

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

JUDGMENT ORDER BY JENKINS, J.:          **FILED JANUARY 30, 2015**

Ivan Marshall Crockett ("Appellant") appeals from the Blair County Court of Common Pleas' order regarding credit for time served.  Because the trial court lacked jurisdiction to enter the order, we vacate the order.

The following procedural history is relevant to the current appeal.[1]  On September 8, 2010 and October 25, 2010, Appellant filed two PCRA

_____

[1] A thorough factual and procedural history of this case is set forth in this Court's January 14, 2015 Memorandum addressing Appellant's appeal from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. ***See Commonwealth v. Crockett***, No. 1172 WDA 2013, at 2-9 (Pa.Super. filed Jan. 14, 2015) (unpublished memorandum) [hereinafter PCRA Memorandum].

petitions. PCRA Memorandum, at 7. On June 21, 2013, after appointing counsel and conducting evidentiary hearings, the PCRA court denied the petitions. *Id.* at 8. Appellant filed a *pro se* response to the order and, on July 16, 2013, he filed a *pro se* notice of appeal and a *pro se* motion to waive counsel. *Id.* at 8-9. On July 22, 2013, the PCRA court entered an order, noting Appellant's intention to waive his right to counsel and vacating its prior order appointing PCRA counsel. *Id.* at 9. On November 7, 2013, this Court remanded the case for a ***Grazier***[2] hearing. *Id.* On December 6, 2013, the PCRA court conducted a ***Grazier*** hearing and granted Appellant's petition to proceed *pro se.* *Id.* On January 14, 2015, this Court affirmed the denial of the PCRA petition. *Id.* at 16.

On February 6, 2014, during the pendency of the PCRA appeal, the trial court ordered that Appellant:

> [S]hall receive credit for time served from August 7, 2008 to March 2, 2010. This reflects research into when [Appellant] was first incarcerated and when his state sentences began to run on this matter. [Appellant's] state sentences began to run March 2, 2010, and he is not entitled to double credit from March to September 2010.

Trial Court Order, 2/6/2014.

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

On March 1, 2014, Appellant filed a notice of appeal from the February 6, 2014 order.[3] On March 25, 2014, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 7, 2014, the trial court sent a letter to the Deputy Prothonotary of this Court stating:

> In this case, Ivan Crockett initiated correspondence about whether he had received proper credit for time served. This court undertook a review of the record on that issue and issued its Order of February 6, 2014 erroneously, since jurisdiction remained with the Superior Court. We rely on the record for all issues on appeal.

Letter from the Honorable Elizabeth A. Doyle to the Deputy Prothonotary of the Superior Court of Pennsylvania, dated April 7, 2014.

Appellant raises the following issue on appeal:

> Was discretion abused by the lower court for failing to grant time credit for all time spent in custody as a result of a criminal charge for which a sentence was imposed or as a result of the conduct on which the charge was based[?]

---

[3] The Commonwealth argues Appellant's notice of appeal was untimely. Appellee's Brief at 9-10. Although the notice of appeal was not docketed until May 15, 2014, the record establishes the appeal was timely. The notice of appeal is dated March 1, 2014. *Commonwealth v. Hopfer*, 965 A.2d 270, 272 n. 2 (Pa.Super.2009) (citing *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa.Super.2001)) ("Pursuant to the 'prisoner mailbox rule,' we deem [an appellant's] documents filed on the date when he placed them in the hands of prison authorities for mailing."). Further, the trial court issued its order for a concise statement of errors complained of on appeal on March 11, 2014, Appellant filed his concise statement on March 25, 2014, and the Court sent its letter to this Court on April 7, 2014, all of which occurred prior to the May 15, 2014 docketing of the notice of appeal.

Appellant's Brief at 4.

We agree with the trial court that it lacked jurisdiction to issue its February 6, 2014 order. Pennsylvania Rule of Appellate Procedure 1701 provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." When the trial court issued its February 6, 2014 order, Appellant's appeal of the denial of his PCRA petition was pending in this Court at 1172 WDA 2013. The trial court, therefore, lacked jurisdiction to issue the order.

Order vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015