IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Allen,                              :
                     Appellant           :
                                         :
          v.                             :
                                         :    No. 764 C.D. 2021
City of Philadelphia                     :    Submitted: March 25, 2022


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: June 10, 2022


          Lisa Allen (Allen), *pro se*, appeals from an order of the Court of
Common Pleas of Philadelphia County (lower court) that affirmed the denial of
Allen's grievance filed with the Philadelphia Housing Authority (PHA). Allen
contends that PHA erred during disposition of her administrative grievance by
failing to consider her allegations of an interpersonal dispute with PHA personnel.
Upon review,[1] we affirm the lower court's order.


                          **I. Background**

          Allen has a lease with PHA for the United States Department of
Housing and Urban Development (HUD) assisted housing in Philadelphia. As part

_____

[1] Our review of the lower court's order "is limited to determining whether [Allen's]
constitutional rights have been violated and whether the lower court manifestly abused its
discretion or committed an error of law." *Cox v. Johnstown Hous. Auth*., 212 A.3d 572, 577 n.10
(Pa. Cmwlth. 2019).

of PHA's biennial lease recertification process, PHA scheduled a meeting with Allen for January 22, 2020. Supplemental Reproduced Record (SRR) at 68b.[2] Allen complained that the meeting was scheduled too far in advance of her May recertification date and insisted the meeting be moved to a later date not more than 90 days before the recertification date; PHA accommodated that demand.[3] *Id.* at 68b-69b. The meeting was later moved up a week; Allen complained but kept the new meeting appointment. *Id.* at 69b.

As the recertification process progressed, PHA's property manager informed Allen that records showed she had not complied with a requirement for 112 hours of community service in an earlier certification term. SRR at 70b. Allen disputed the applicability of the community service requirement, claiming she was exempt. *Id.* at 70b-71b. At the hearing before an administrative law judge (ALJ), discussed further below, Allen provided a PowerPoint presentation in which she claimed PHA's manager "verbally threatened" to terminate her lease if she did not sign an acknowledgment regarding her obligation to perform community service. *Id.* at 110b. In its brief before the lower court, PHA averred that Allen was ultimately not required to sign the community service form because HUD issued a community service waiver in March 2020 in light of the COVID-19 pandemic. Original Record (OR) at 259. In any event, the only lease termination notice PHA issued was based on Allen's failure to provide unemployment information; by the time of the hearing

---

[2] Allen filed this appeal *in forma pauperis* and, accordingly, did not file a reproduced record. *See* Pa.R.A.P. 2187(c) (providing requirements for appellants filing *in forma pauperis* to file briefs, but not requiring reproduced records). PHA elected to file a supplemental reproduced record, but neglected to number the pages properly by following each page number with a small "b." *See* Pa.R.A.P. 2173 (directing that page numbers in a supplemental reproduced record shall be followed by "b"). References herein to the supplemental reproduced record are numbered as required by Rule 2173.

[3] Allen does not explain the significance, if any, of the meeting date.

before the ALJ, that issue had been resolved, and there was no termination notice outstanding. SRR at 81b & 116b. Allen does not allege that she has been required to perform any community service.

Allen also received several notices of rent increases to be effective May 1, 2020, based on failure to provide PHA with updated information concerning her unemployment compensation benefits. SRR at 72b & 75b-80b. PHA was later able to verify that Allen no longer had income from unemployment benefits; as a result, Allen's monthly rent, which had been $57.00, dropped to PHA's minimum of $50.00 beginning May 1, 2020. *Id.* at 75b-80b. Allen was never required to pay any rent increase. *Id.* at 82b.

Notwithstanding the resolution of all recertification issues, Allen complained about the conduct of PHA's manager during the recertification process; Allen insisted on receiving a grievance hearing before an ALJ, which was held virtually on December 6, 2020. *See* SRR at 63b-86b. At the start of the hearing, the ALJ explained that "the grievance is only about rent calculation and recertifications. Because that's what the grievance is based on. . . . When it goes to interpersonal relationships between residents and management, unfortunately that's not something that I have any jurisdiction over." *Id.* at 66b. Nonetheless, Allen persisted in raising issues concerning what she perceived as the manager's errors during the recertification process, attributing improper motives to the manager and becoming increasingly argumentative until the ALJ eventually had to mute Allen's microphone, and then, observing that "we can't seem to get a word in edgewise," was forced to conclude the hearing. *Id.* at 68b-86b.

Finding that Allen had no outstanding request for relief connected to recertification, the ALJ denied her grievance. SRR at 124b-27b. Allen obtained

3

counsel and appealed to the lower court, which affirmed after briefing and argument without taking additional evidence. *Id.* at 8b. Allen then appealed to the Superior Court, which transferred her appeal to this Court.

Upon receipt of Allen's notice of appeal, the lower court issued an order on July 8, 2021,[4] pursuant to Pa.R.A.P. 1925(b), directing Allen to file, within 21 days, a concise statement of errors complained of on appeal (Statement). OR at 303. The order stated, *inter alia*, that any issues not included in a timely filed Statement would be deemed waived. *Id.*

On or about July 8, 2021, Allen's counsel filed a request to withdraw. *See* OR at 305. On July 26, 2021, the lower court issued a rule to show cause giving Allen 20 days to contest counsel's withdrawal, absent which the withdrawal would be granted. *Id.* at 315.

On July 27, 2021, Allen filed a motion for an extension of time to file her Rule 1925(b) Statement. *Id.* at 316-23. In the motion, Allen averred that counsel had initially agreed to represent her *pro bono* on appeal, but then retracted that offer. *Id.* at 318. She asserted that in light of counsel's withdrawal, which she apparently assumed the lower court had effectively granted by its July 26, 2021 order, she would need additional time to complete a 1925(b) Statement on her own in light of its imminent due date. *Id.*

Allen filed her motion using the lower court's preprinted form. *See* OR at 316-23. The instructions on the form indicated the motion would be forwarded to the court after the response due date, but the form did not state what the response period was and did not inform Allen that she needed to take any other action besides filing the motion in order to get it before the court. *See generally id.* The form also

---

[4] The order was not docketed until July 12, 2021.

4

did not provide an option to designate the motion as one seeking emergency relief. *Id.* Moreover, the applicable local rule governing emergency motions, Philadelphia Civil Rule 208.3(a)(1), merely states that such motions will be assigned to a judge but does not provide instruction on how to designate a motion as one seeking emergency relief. Phila. Civ. R. 208.3(a)(1).

Because the motion for extension was not designated as seeking emergency relief, the lower court did not address it before the July 29, 2021 due date for Allen's Rule 1925(b) Statement. SRR at 9b-10b. Allen filed her 1925(b) Statement on August 16, 2021. *Id.* at 10b & 13b-14b. The motion for extension was finally assigned to the court on August 18, 2021, at which point the lower court denied it as moot. *See id.* at 10b.

After reviewing Allen's 1925(b) Statement, the lower court filed a Rule 1925(a) opinion in support of its order affirming the PHA's denial of Allen's grievance. SRR at 9b-12b; *see* Pa.R.A.P. 1925(a). After reciting the circumstances surrounding Allen's motion for extension, the lower court concluded that Rule 1925(b) sets forth a bright line rule requiring timely filing of the 1925(b) Statement. SRR at 9b-11b. Therefore, if a 1925(b) Statement is untimely filed, an automatic waiver applies, and no issues are preserved for appeal. *Id.* at 11b (first citing *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 223-24 (Pa. Super. 2014); and then citing *Jenkins v. Fayette Cnty. Tax Bureau*, 176 A.3d 1038, 1041 (Pa. Cmwlth. 2018)). Because the lower court's 1925(b) order was docketed on July 12, 2021, and Allen did not file her 1925(b) Statement until August 16, 2021, the lower court concluded she had waived all issues on appeal. SRR at 11b.

Despite its finding of waiver, however, the lower court addressed the merits of Allen's appeal. The court explained that the applicable regulation allows

5

a tenant to grieve a dispute regarding PHA's "action or failure to act in accordance with the individual tenant's lease or PHA regulations." SRR at 12b (quoting 24 C.F.R. § 966.53) (internal quotation marks omitted). As the court explained, "[b]ecause the issue [] Allen raised with PHA concerns an interpersonal dispute, and does not involve her lease with PHA, or any PHA regulation, the issue was not a proper issue for the administrative grievance." SRR at 12b. Accordingly, the lower court opined that this Court should affirm the lower court's order affirming PHA's decision. *Id.*

## II. Issues

In an order dated October 8, 2021, this Court directed the parties to address in their briefs the question of whether Allen's untimely 1925(b) Statement failed to preserve any issues for appeal. PHA echoes the lower court's determination of untimeliness and resulting failure to preserve issues. Allen does not address the question in her brief.

In her 1925(b) Statement, Allen raises a single issue for appeal. Allen asserts that the grievance officer made an error of law in determining that PHA lacked jurisdiction to entertain Allen's grievance. SRR at 14b. Allen insists the ALJ should have addressed the interpersonal issues Allen raised concerning the alleged conduct of the PHA property manager during the recertification process. *Id.*

## III. Discussion
### A. Untimely 1925(b) Statement

As a threshold matter, we must consider whether Allen preserved her asserted issue for appeal in light of the untimely filing of her 1925(b) Statement.

6

Rule 1925(b)(2)(i) requires a judge to allow at least 21 days from the docketing date of an order for an appellant to file a 1925(b) Statement. Pa.R.A.P. 1925(b)(2)(i). The rule also expressly allows a judge, "upon application of the appellant and for good cause shown," to enlarge the time for filing the Statement. *Id.*

In *Bierley v. Kowalski* (Pa. Cmwlth., No. 551 C.D. 2017, filed March 2, 2018),[5] the appellant filed a timely application for an extension of time to file a 1925(b) Statement, which averred potential good cause for an extension but which the common pleas court denied after the expiration of the 21-day period for filing the Statement. *See id.*, slip op. at 4-5. Because the common pleas court failed to determine whether the appellant had shown good cause for an extension of time before denying the application, this Court remanded the matter for such a determination, as well as a determination of whether the application merited *nunc pro tunc* relief. *Id.*, slip op. at 5-6; *see also Commonwealth v. Hopfer*, 965 A.2d 270, 271 (Pa. Super. 2009) (holding that "when an appellant timely files for an enlargement or extension of time within which to file his Rule 1925(b) statement, the []court must explain why it finds that good cause was not shown before it may deny the request").

Here, the lower court's order for a 1925(b) Statement was docketed on July 12, 2021, and Allen's Statement was due 21 days thereafter, on August 2, 2021. Upon receiving the court's July 26, 2021 order regarding her counsel's withdrawal, Allen promptly filed a motion on July 27, 2021 seeking an extension of time in order to file her Statement *pro se*. OR at 316-23. Allen expressly stated in the motion that the due date for the Statement was imminent and that the court's order was allowing

---

[5] Unreported opinions of this Court issued after January 15, 2008 may be cited for their persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

her counsel to withdraw. *Id.* at 318. Nothing on the court's preprinted form alerted her to either the court's regular timetable for consideration of her motion or the necessity or procedure for specifically designating the motion as seeking emergency relief. *See generally id.* at 316-23. Indeed, even had Allen sought guidance in the court's local rules, she would have found no information directing her to notify the court that she was seeking emergency relief or explaining how to do so. *See* Phila. Civ. R. 208.3(a)(1).

The lower court did not consider the motion for extension because the court's regular motions procedure did not provide the motion to the judge until after the due date for the 1925(b) Statement. *See* SRR at 9b-10b. The court then simply concluded the motion was moot, making the Statement untimely and resulting in automatic waiver of Allen's issue on appeal. *Id.* at 10b. However, nothing in Rule 1925 requires more than the timely filing of an extension request before the court must make a good cause determination. Allen's motion for an extension was facially timely. Further, it averred potential good cause for an extension based on counsel's withdrawal. *Accord Zokaites Props., LP v. Butler Twp. Unif. Constr. Code Bd. of Appeals* (Pa. Cmwlth., No. 519 C.D. 2016, filed May 3, 2017), slip op. at 9 (observing that "[e]xamples of 'good cause' as provided in the note to Rule 1925(b)(2) include the retention or appointment of new counsel"). Therefore, we are persuaded by the holdings of *Bierley* and *Hopfer* that the lower court here should have considered whether Allen's motion asserted good cause for an extension of time before denying the motion. This is particularly so because, as explained above, the lower court's local rules and preprinted motion form both failed to apprise Allen

8

of the need to designate her motion as an emergency in order to obtain a disposition before the due date for her 1925(b) Statement.[6]

Our holding in *Bierley* suggests that a remand is appropriate to allow the lower court to determine whether Allen's motion established good cause for an extension and, thus, whether her 1925(b) Statement should be deemed timely. *See also Zokaites*, slip op. at 5-6. However, in the interest of judicial economy, and because both parties have addressed the merits underlying Allen's claim, we will treat the Statement as timely and dispose of Allen's appeal on its substance, which we conclude is without merit, such that the lower court's error, if any, in finding the 1925(b) Statement untimely is harmless.

## B. Merits of Allen's Appeal

PHA's written grievance procedure explains:

> PHA's grievance procedure is for resolving disputes between a tenant and PHA because of either an action that PHA did or that it failed to do (under the lease or under PHA's regulations), which will have an "adverse" impact on the tenant's rights, duties, welfare or status. *This includes lease termination, eviction, adding charges for maintenance or repair, not scheduling timely repairs, or transferring to another unit.* It is not for disputes between tenants, for class grievances, or for dealing with issues between tenants or tenant groups and the PHA Board of Commissioners, personal injury, property damage or challenging PHA policies. 24 [C.F.R.] §§ 966.51, 966.53.

SRR at 24b (emphasis added). In her grievance, Allen was not seeking any specific relief regarding her lease or the outcome of the recertification process. Her only

---

[6] We observe, however, that Allen was ill advised to assume her motion had been granted and to file her Statement 14 days late without having received an extension order from the lower court. We further observe that, in light of Allen's failure to follow this Court's directive to discuss the timeliness issue in her brief, we do not have the benefit of any explanation for that assumption.

9

argument was and is that PHA should have considered and addressed her complaints that she was treated unfairly during recertification.[7] However, PHA accommodated Allen's demand for a later recertification meeting; rescinded its notices of rental increase once she documented her lack of income, without ever charging her a higher rent; and rescinded its notices of lease termination. SRR at 68b-69b & 75b-82b. In light of the fact that all of the disputed lease issues were resolved by PHA in Allen's favor during recertification and prior to the hearing, we agree with both the ALJ and the lower court that nothing remained for adjudication in a grievance pursuant to 24 C.F.R. § 966.53. Accordingly, we affirm the lower court's order regarding the merits of Allen's appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] For example, in her PowerPoint presentation at the ALJ hearing, Allen alleged, *inter alia*, that she was "interrogated" concerning why she wanted to change her initial certification appointment from January to February 2020; that the manager was "quarreling back and forth" about the appointment change "with a joker smile upon her face"; that the manager began reading the applicable HUD regulations to Allen "really, really fast as if [Allen] wasn't going to catch her"; that the manager "gave [Allen] the evil eye"; that the manager smoked cigarettes outside in front of her office although there was a no-smoking sign, causing second-hand smoke to drift toward Allen's rental unit; that the manager was "abusing [PHA] policy for personal self[-]gratification"; and that the manager had "a smurk gesture upon her face" while requesting that Allen sign a form agreement to cure her non-compliance with her community service obligation. SRR at 96b-104b & 109b.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Allen,                    :
           Appellant      :
                     :
        v.              :
                     :   No. 764 C.D. 2021
City of Philadelphia      :

## O R D E R

AND NOW, this 10th day of June, 2022, the order of the Court of Common Pleas of Philadelphia County, dated June 10, 2021, is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge