J-S25018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VINDANCAR, LLC, TRAP ENTERPRISES, LLC, VINCENT TRAPASSO, CHINLA, LLC | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, JOSEPH P. HANYON, ESQUIRE, MERWINE HANYON & KASPSZYK, LLC AND PENN REALTY SETTLEMENT SERVICES, INC. | : : : : : : : : | No. 2715 EDA 2022 |
| APPEAL OF: VINDANCAR, LLC, TRAP ENTERPRISES, LLC, VINCENT TRAPASSO, CHINLA, LLC, CHARLIE TRAPASSO | : : : : : | |

Appeal from the Order Entered September 29, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
005564-CV-2016

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED DECEMBER 1, 2023**

Vindancar, LLC, Trap Enterprises, LLC, Chinla, LLC, Vincent Trapasso and Charlie Trapasso (collectively, Appellants) appeal from the order entered in the Monroe County Court of Common Pleas granting summary judgment in favor of First American Title Insurance Company (First American) and Joseph P. Hanyon, Esquire (Hanyon), Merwine Hanyon & Kaspszyk, LLC (MHK), and Penn Realty Settlement Services, Inc. (PRSS) (collectively, Hanyon Defendants), in this action seeking damages for legal malpractice, breach of

contract, and negligence in connection with the purchase of real property. On appeal, Appellants argue the trial court erred in granting summary judgment in favor of both First American and the Hanyon Defendants on Appellants' claim that the defendants failed to clear clouds on the title to the property, regardless of the validity of the underlying judgments. We are constrained to conclude, however, that Appellants waived their claims on appeal when they filed an untimely court-ordered Pa.R.A.P. 1925(b) statement of errors complained on appeal. Thus, we affirm.

The relevant facts underlying this dispute are summarized by the trial court as follows:

> [Appellants] bought several contiguous parcels of real property along Pa. Route 611 in Pocono Township, Monroe County in 2007. . . . [Appellants] hired Hanyon and MHK to represent them in the transactions. PRSS issued the title insurance policy in the transaction on behalf of . . . First American. In or about December 2014, [Appellants] learned of an alleged title issue [a]ffecting the real property at [the] time of entering into an agreement of sale with a Mr. Desai to purchase part of the real property for the development of a hotel. The Hanyon Defendants were made aware of the title issues and . . . First American, by letter to Desai's title insurer, agreed to indemnify and insure over any title issue. . . . The agreement of sale was eventually terminated by Mr. Desai in 2015. The parties dispute the reasons . . . why Mr. Desai terminated the agreement of sale.
>
> In or about July 2016, while attempting to obtain financing from [a bank] to further develop the real property themselves, [Appellants] were advised . . . there was a title issue[, and] Stewart Title Insurance Co. would not issue title insurance for the loan. The title issue raised in both 2014 and 2016 is alleged to be liens that were of record against the real property. [Hanyon] gave assurances the liens no longer existed and/or were resolved. . . . First American then undertook steps to clear the alleged title issue

by filing an action to quiet title. That action resolved any remaining claimed title issues within seven months. . . .

Trial Court Op. (Hanyon Defendants), 9/29/22, at 3-4.

On September 15, 2016, Appellants filed a complaint against the Hanyon Defendants and First American insisting the property was burdened by two unsatisfied judgments, of which, they allege, neither the Hanyon Defendants nor First American informed them at the time of their purchase. Appellants' Complaint, 9/15/16, at ¶¶ 30-32. They insisted that due to these "existing judg[]ments," they were unable to "move forward" with certain projects and suffered damages as a result. *Id.* at ¶ 33; *see also id.* at ¶¶ 34-36. Based on these factual averments, Appellants asserted six causes of action — (1) claims of legal malpractice/breach of contract, legal malpractice/negligence, negligent supervision, and negligence against the Hanyon Defendants (Counts I-IV); and (2) claims of breach of contract and negligent misrepresentation against First American (Counts V-VI). *See id.* at ¶¶ 42-91.

Both the Hanyon Defendants and First American filed motions for summary judgment. The Hanyon Defendants argued they were entitled to relief because neither of the purported outstanding judgments were "valid or enforceable" and that Appellants could not establish causation or damages. *See* Hanyon Defendants' Motion for Summary Judgment, 2/15/22, at ¶¶ 61, 80, 82, 119. First American argued that it did not breach the parties' contract in 2007 because the policy required Appellants to provide formal written "notice of a claim[,]" and, when Appellants did provide notice of the issue in

- 3 -

July of 2016, it resolved the claim "within several months."  First American's Motion for Summary Judgment, 2/15/22, at ¶¶ 26-27, 79.  With regard to the negligent misrepresentation claim, First American averred that Appellants' allegations were "based on representations made in the policy itself rather than anything First American said to" Appellants.  *Id.* at ¶ 92.

Appellants filed responses to both motions on March 18, 2022, and, thereafter, all parties filed briefs in support of their positions.  On May 16, 2022, the trial court entered two separate orders, each accompanied by an opinion, denying the motions for summary judgment filed by the Hanyon Defendants and First American.  *See* Orders, 5/16/22.

Both the Hanyon Defendants and First American filed motions for reconsideration on June 14, 2022.  The trial court subsequently granted the motions for reconsideration, vacated the May 16th order, and, following argument, issued two orders and opinions in September of 2022, granting the motions for summary judgment.  *See* Order, 6/15/22; Orders, 9/29/22.

With respect to the Hanyon Defendants, the trial court determined that it had failed to properly consider the fact that the purported judgment liens on the property were not valid — one mortgage lien was extinguished by operation of law prior to Appellants' purchase of the property, and the other judgment lien was "not a lien on the real property" affecting the title because it was against only one of the prior property owners, and the property was held by a husband and wife as tenants by the entireties.  *See* Trial Ct. Op. (Hanyon Defendants), 9/29/22, at 5-6.  Therefore, the trial court concluded

that because the liens were "no longer enforceable as having any legal effect on the real property[,] there was no duty breached, and no misrepresentations . . . made, . . . and [Appellants] received good title." *Id.* at 10. For the same reasons, the trial court determined there was no title issue with regard to the property "negat[ing] any collateral claims against First American." *See* Trial Ct. Op. (First American), 9/29/22, at 5. This timely appeal follows.

Appellants present one issue on appeal for our review:

Whether the [trial] court abused its discretion and committed an error of law by granting [the Hanyon Defendants' and First American's] motion[s] for summary judgment and concluding that there was no duty incumbent upon [them] or their agents to act to remove clouds, whether valid or not, when evidence showed [the Hanyon Defendants and First American] were aware that clouds continued to appear on the title searches performed, and were interfering with [Appellants'] use of their land[?]

Appellants' Brief at 5 (some capitalization omitted).

Before we may address Appellants' substantive claim, we must first consider whether Appellants properly preserved their issues in a timely-filed, court-ordered Pa.R.A.P. 1925(b) statement. The Pennsylvania Supreme has held that Rule 1925 is a "bright-line rule" and the "failure to comply with the minimal requirements of [Rule] 1925(b) will result in **automatic waiver** of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (emphasis added).[1] *See also Commonwealth v. Castillo*, 888 A.2d

---

[1] Following the Supreme Court's decision in *Schofield*, Rule 1925 was amended; however, those amendments have no bearing on our present case. *See Commonwealth v. Hopfer*, 965 A.2d 270, 272-73 (Pa. Super. 2009) *(Footnote Continued Next Page)*

775, 780 (Pa. 2005); **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*).

In the present case, the trial court entered an order on October 25, 2022, directing Appellants to file a Rule 1925(b) statement "no later than 21 days after the entry of [the o]rder."  Order, 10/25/22.  The certified record includes a "Notice" that entry of the order was provided to the parties pursuant to Pa.R.C.P. 236(a)(2) that same day.[2]  **See** Notice of Entry of Order, 10/25/22.  **See also** Docket Entry, 10/25/22.  Thus, Appellants' Rule 1925(b) statement was due on or before November 15, 2022.

However, Appellants' Rule 1925(b) statement is time-stamped and docketed November 18th, three days late.  Moreover, there is no indication in the certified record that Appellants attempted to file the statement prior to the November 15th deadline, or requested and were granted an extension of time from the trial court.  Therefore, we must conclude that the Rule 1925(b) statement was untimely filed, and Appellants have waived their claims on appeal.

_____

(explaining amendments to Rule 1925 after **Schofield** allows trial court to grant extension of time or, in "extraordinary circumstances," *nunc pro tunc* relief, and provides for "automatic remand" when counsel in **criminal** case fails to file timely, court-ordered statement) (citations & emphasis omitted).

[2] Rule 236 requires the prothonotary to "immediately give written notice of the entry of . . . any . . . order . . . to each party's attorney of record[, and] include a copy of the order[.]"  Pa.R.C.P. 236(a)(2).

While we recognize that the trial court appears to have accepted Appellants' untimely statement and addressed the claims on their merits,[3] this does not excuse the untimely filing. This Court's *en banc* decision in **Greater Erie** is dispositive.

In **Greater Erie**, like here, the appellant filed a court-ordered Rule 1925(b) statement three days **after** the court-imposed deadline. **See Greater Erie**, 88 A.3d at 226. However, the trial court ignored the untimely filing and addressed the appellant's issue on the merits. **See id.** at 224. Relying on the Supreme Court's decision in **Castillo** and its progeny, the *en banc* panel concluded that it was not permitted to ignore the timeliness issue:

> Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues. Under current precedent, **even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived**: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant **must** comply in a timely manner." **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (citing **Castillo**, 888 A.2d at 780) (emphasis in original); *see* **Feingold v. Hendrzak**, 15 A.3d 937, 940 (Pa. Super. 2011).

**Id.** at 225 (some emphasis added).

The **Greater Erie** Court did recognize that there were still some "operative exceptions" to Rule 1925(b)'s timeliness requirements — specifically, when the trial court's Rule 1925 order does not sufficiently

---

[3] **See** Statements Pursuant to Pa.R.A.P. 1925(a), 11/18/22.

conform with the requirements of the Rule, since "it is the trial court's order that triggers an appellant's obligation" to file a concise statement. **_Greater Erie_**, 88 A.3d at 225 (citations & quotation marks omitted). Notably, the Rule requires that the trial court's order: (a) specify the number of days after entry of the order within which the Rule 1925(b) statement must be filed and served; (2) direct that the statement must be filed of record, and served on the trial court; (3) provide both the place where the statement may be served in person and the address to which it may be mailed; and (4) inform the appellant that "any issue not properly included the Statement timely filed and served pursuant to [the Rule] shall be deemed waived." **_See_** Pa.R.A.P. 1925(b)(3)(i)-(iv). The order entered by the trial court in the present case complies in all respects with the requirements of Rule 1925(b)(3). **_See_** Order, 10/25/22.

Because Appellants failed to comply with the trial court's October 25, 2022, order to file a **timely** Rule 1925(b) statement, we are constrained to conclude they have failed to preserve any issues for our review. **_See Schofield_**, 888 A.2d at 774; **_Castillo_**, 888 A.2d at 780; **_Greater Erie_**, 88 A.3d at 224. Thus, we have no option but to affirm the order on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/1/2023