J-S01017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KERRY JOHN SIBBLE | |
| Appellant | No. 545 WDA 2014 |

Appeal from the PCRA Order December 30, 2013
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000118-2012
CP-61-CR-0000157-2011

BEFORE: GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 14, 2015**

Kerry John Sibble ("Appellant") appeals from the order of the Venango County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On March 22, 2011, Appellant was charged at CP-61-CR-0000157-2011 with driving under the influence/general impairment (2nd offense),[1] driving under the influence/highest rate of alcohol (2nd offense),[2] restrictions of alcoholic beverages,[3] and careless driving.[4] On March 8,

---

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(c).

[3] 75 Pa.C.S. § 3809(a).

[4] 75 Pa.C.S. § 3714(a).

2012, Appellant pled guilty to all charges. He requested a continuance of his sentencing hearing because he had a separate case pending and wanted to be sentenced for both cases at the same hearing.

The charges in the second case, CP-61-CR-0000118-2012, stemmed from an April 1, 2011 criminal information, alleging criminal conspiracy to manufacture a controlled substance (methamphetamine)[5] and possessing precursors with intent to manufacture.[6] On April 12, 2012, Appellant pled guilty to the conspiracy to manufacture count and the Commonwealth *nolle prossed* the possessing precursors count.

On April 12, 2012, the trial court granted Appellant's motion to change the sentencing date to April 27, 2012 and to impose sentences for both convictions at the same hearing.

On April 27, 2012, the trial court sentenced Appellant at CP-61-CR-0000157-2011 (the March 8, 2012 conviction) to one to five years' incarceration for DUI/highest rate and imposed $25.00 fines for the summary offenses of restrictions of alcoholic beverages and careless driving. The trial court did not impose a sentence for DUI/general impairment, which it found merged with DUI/highest rate. The trial court sentenced Appellant at CP-61-CR-0000118-2012 (the April 12, 2012 conviction) to 2 to 5 years'

---

[5] 18 Pa.C.S. § 903(a)(1); 35 P.S. § 780-113(a)(30).

[6] 35 P.S. § 780-113.1(a)(3).

incarceration for criminal conspiracy, which was to run consecutive to the sentence imposed at CP-61-CR-0000118-2012.

Appellant filed a motion to reconsider sentence, which the trial court denied on May 7, 2012. Appellant did not appeal.

On January 10, 2013, Appellant filed a timely PCRA petition. The PCRA court appointed counsel[7] and held a hearing on November 1, 2013. On December 30, 2013, the PCRA court denied the petition. Appellant filed a *pro se* notice of appeal.[8] On March 31, 2014, the court granted Appellant *in forma pauperis* status. On April 30, 2014, Appellant filed a *pro se* statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On May 13, 2014, the PCRA court issued a 1925(a) opinion adopting its December 30, 2013 opinion denying Appellant's PCRA petition.

On January 30, 2015, this Court remanded the case to the trial court to conduct a **Grazier**[9] hearing to determine whether Appellant wanted to

_____

[7] Counsel did not file an amended PCRA petition.

[8] The court issued the order denying his PCRA petition on December 30, 2013. Appellant's proof of service states he mailed his notice of appeal on January 23, 2014. The clerk of court did not docket the notice until March 25, 2014. Pursuant to the prisoner mailbox rule, the notice was timely. **Commonwealth v. Hopfer**, 965 A.2d 270, 272 n.2 (Pa.Super.2009) ("Pursuant to the 'prisoner mailbox rule,' we deem [an appellant's] documents filed on the date when he placed them in the hands of prison authorities for mailing.").

[9] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa.1998).

proceed *pro se* on appeal. On February 13, 2015, the PCRA court conducted the hearing and found Appellant made a knowing, intelligent, and voluntary waiver of his right to counsel and wished to proceed *pro se*. The PCRA court granted Appellant's request to proceed *pro se* and granted counsel's request to withdraw.

We will now review the claim raised in Appellant's *pro se* appellate brief. Appellant raises the following issue on appeal:

> Did the lower court judge erred [sic] when he denied my ineffective counsel claims?

Appellant's Brief at 1. Appellant claims a co-defendant, Stacy Dunkle, provided a statement implicating Appellant and his counsel was ineffective for withholding it. Appellant's Brief at Summary of Argument; Motion for Post Conviction Relief, at 3. He further claims counsel should have withdrawn her representation of Appellant because counsel also represented Dunkle, which created a conflict of interest. ***Id.***

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales****, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for

the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003) (quoting *Hickman*, 799 A.2d at 141).

Appellant alleges two bases for trial counsel ineffectiveness: (1) counsel failed to review discovery and withheld, or did not locate, a statement by his co-defendant implicating Appellant; and (2) counsel's representation of co-defendant Dunkle created a conflict of interest. The claims lack merit.

The PCRA court found that (1) Appellant did not establish he suffered prejudice as a result of the statement and (2) counsel did not coerce Appellant into pleading guilty. Opinion, 12/31/2013, at 8. The court noted

the charges stemmed from Appellant's role in a conspiracy to manufacture methamphetamine. Opinion, 12/31/2013, at 6. Appellant purchased six boxes of over-the-counter Sudafed at various locations in Venango County. *Id.* At the PCRA hearing, counsel testified that prior to the guilty plea she had reviewed the voluminous discovery packet and was unable to locate a written statement by co-defendant Dunkle that Appellant alleged existed. *Id.* In preparing for the PCRA hearing, counsel found a statement made by Dunkle. *Id.* at 7. She did not discover the statement earlier because the statement was oral, not written. *Id.* The statement was contained in a police interview. *Id.* Dunkle requested an interview with the police and made a statement that the "true meth lab" was at Mitchell Bills's residence and Appellant, Bills, and Aaron Miller traveled to Ohio and Erie, PA to obtain pills to use in the lab. *Id.* The trial court noted the statement was never used against Appellant and was unrelated to the charges, which stemmed from Appellant's purchase of Sudafed in Venango County, not Ohio or Erie County. *Id.* The PCRA court concluded there was no prejudice from the statement and "the record does not reflect any hint of coercion on the part of defense counsel towards [Appellant]. Rather, [Appellant's] choice was the result of reasoned reflection on his part that his interest was served by pleading guilty." *Id.* at 8. The PCRA court's conclusion is supported by the record and free of legal error.

The PCRA court also found Appellant's claim trial counsel was ineffective because she had a conflict of interest to be meritless. Opinion, 12/31/13, at 5-6. The Supreme Court of Pennsylvania has held:

> An appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice. Nevertheless, we presume prejudice when the appellant shows that trial counsel was burdened by an actual—rather than mere potential—conflict of interest. To show an actual conflict of interest, the appellant must demonstrate that: (1) counsel actively represented conflicting interests; and (2) those conflicting interests adversely affected his lawyer's performance.

***Commonwealth v. Lopez***, 51 A.3d 195, 200 (Pa.2012) (quoting ***Commonwealth v. Collins***, 957 A.2d 237, 251 (Pa.2008)).

The PCRA court found counsel was not ineffective because she was not actively representing conflicting interests. The PCRA court noted Appellant knew his counsel represented his co-defendant Dunkle prior to Appellant's sentencing. The court further noted counsel's representation of Dunkle concluded before she began to represent Appellant on the conspiracy charge, and Dunkle was sentenced seven months before Appellant was sentenced. N.T., 11/1/2013, at 23, 19; Opinion, 12/31/13, at 6. The PCRA's court's finding is supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/2015