J-S62043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUNELL RAE WRIGHT | |
| Appellant | No. 113 MDA 2016 |

Appeal from the Judgment of Sentence December 17, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-SA-0000165-2015

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 31, 2016**

Appellant, Junell Rae Wright, appeals *pro se* from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following her *de novo* summary appeal trial in which the court convicted Appellant of two counts of operating an unsafe vehicle and imposed a fine in the total amount of $50.00 plus costs of prosecution.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 18, 2015, Officer Robert Bennett observed Appellant driving a Plymouth Duster in Derry, Pennsylvania.  Officer Bennett noticed the tint on the windows of Appellant's vehicle was too dark, in violation of vehicle inspection regulations.   Officer Bennett conducted a traffic stop of

---

[1] 75 Pa.C.S.A. § 4107(b)(2).

Appellant's vehicle. During the traffic stop, Appellant acknowledged she was aware the vehicle window tinting was illegal. Appellant refused to allow Officer Bennett to perform a tint test on the windows. Upon investigating Appellant's vehicle, Officer Bennett estimated the window tint permitted between twenty and fifty percent light transmittance, in violation of Section 67 Pa. Code 175.263(a) and (b) and 67 Pa. Code Table X, which regulate sun screening on motor vehicle windows. Officer Bennett issued a citation to Appellant with two charges of operating an unsafe vehicle under Section 4107(b)(2) of the Motor Vehicle Code, which proscribes the operation of a vehicle that is in an unsafe condition or violates department regulations.

On July 30, 2015, a district magistrate found Appellant guilty of two counts of operating an unsafe vehicle. On August 6, 2015, Appellant filed a timely *pro se* notice of summary appeal requesting a *de novo* trial before the Dauphin County Court of Common Pleas. On September 29, 2015, Appellant failed to appear for a summary appeal trial; and the court convicted Appellant of two counts of operating an unsafe vehicle and imposed a fine in the total amount of $50.00 plus costs. On October 19, 2015, Appellant filed a motion to reconsider the September 29th judgment of sentence. The court granted Appellant's motion and held a second summary appeal trial on December 17, 2015, at which Appellant appeared *pro se* and testified.

At the December 17th summary appeal trial, Officer Bennett testified about the details of the June 18, 2015 traffic stop. Officer Bennett also

stated he had encountered many vehicles with windows tinted too darkly during his ten years of experience as a police officer. The court convicted Appellant of two counts of operating an unsafe vehicle and imposed a fine in the total amount of $50.00 plus costs. On December 23, 2015, Appellant filed a motion to reconsider the December 17th judgment of sentence.

Appellant filed a *pro se* notice of appeal on January 13, 2016. The court denied Appellant's December 23rd motion to reconsider on January 15, 2016. Appellant filed a Superior Court Criminal Docketing Statement and attached a document entitled "Issue(s) to be Raised" on February 2, 2016. On February 10, 2016, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 4, 2016, Appellant filed in this Court a *pro se* Rule 1925(b) statement, which differed from Appellant's "Issue(s) to be Raised." Appellant filed an untimely Rule 1925(b) statement in the trial court on April 13, 2016.[2]

Appellant raises two issues for our review:

> WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION IN FINDING THAT THE ARRESTING OFFICER HAD REASONABLE SUSPICION TO STOP...APPELLANT AND PROBABLE CAUSE TO CITE APPELLANT FOR A VIOLATION OF 75 PA.C.S.A. § 4107(B)(2)?

_____

[2] Nothing in the record indicates Appellant served a copy of her March 4, 2016 and April 13, 2016 Rule 1925(b) statements on the trial court and the Commonwealth.

> WHETHER THERE WAS INSUFFICIENT EVIDENCE TO FIND APPELLANT GUILTY OF 75 PA.C.S.A. § 4107(B)(2) BASED ON AN ALLEGED WINDOW TINT VIOLATION?

(Appellant's Brief at 4).

In her first issue, Appellant claims the Commonwealth did not demonstrate Officer Bennett had reasonable suspicion to stop Appellant's vehicle for illegal window tint. Appellant avers the Commonwealth offered inadequate testimony concerning Officer Bennett's background to justify his reasonable suspicion to stop Appellant's vehicle. Appellant contends the Commonwealth should have presented additional evidence to establish Officer Bennett's experience and/or training in inspecting vehicles and investigating vehicle equipment violations.

In her second issue, Appellant argues the evidence was insufficient at the summary appeal trial to support the court's convictions. Appellant maintains her vehicle had a valid inspection sticker at the time of the traffic stop, which should have provided a presumption that her vehicle complied with inspection requirements. Appellant submits Officer Bennett testified he could see through the windows of Appellant's vehicle; Officer Bennett stated he saw Appellant's silhouette through the vehicle windows. Appellant also asserts her vehicle is exempt from window tint regulation because the regulation applies to vehicles made in 1998 or later and Appellant's vehicle was made in 1993. Appellant alleges she has owned her vehicle for sixteen years, and the tint was on the windows when she bought it. Appellant

concludes this Court should reverse the convictions. We disagree with Appellant's contentions.

With respect to a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

"Traffic stops based on reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011). "Mere reasonable suspicion will not justify a vehicle

stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation." *Id.* "Where a vehicle stop has no investigatory purpose, the police officer must have probable cause to support it." *Commonwealth v. Enick*, 70 A.3d 843, 846 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 482 (2014). "Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the [stop], and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Thompson*, 604 Pa. 198, 203, 985, A.2d 928, 931 (2009). "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa.Super. 2004), *appeal denied*, 582 Pa. 672. 868 A.2d 1198 (2005).

As a preliminary matter, however, we observe that to preserve claims for appellate review, "appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Likewise, an appellant's concise statement must identify the errors to be

addressed on appeal with sufficient specificity. ***Commonwealth v. Dowling***, 778 A.2d 683 (Pa.Super. 2001). A Rule 1925(b) statement that is too vague for the trial court to identify and address the issue(s) the appellant wishes to raise on appeal can result also in waiver. ***Commonwealth v. Reeves***, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).

Pennsylvania Rules of Appellate Procedure, Rule 1925(b) provides in relevant part:

**Rule 1925.  Opinions in Support of Order**

\* \* \*

**(b)   Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1)   *Filing and service*.−Appellant shall file of record the Statement and concurrently shall serve the judge.  Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).  Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2)   *Time for filing and service*.−The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the

Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

(3)  *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

   (i)  the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

   (ii)  that the Statement shall be filed of record;

   (iii)  that the Statement shall be served on the judge pursuant to paragraph (b)(1);

   (iv)  that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(1)-(3). For many years, full compliance with a court's Rule 1925(b) order was strictly mandatory; but later revisions in the rule now provide certain avenues for relief from waiver in the criminal appeal context. Pa.R.A.P 1925(c); **Commonwealth v. Hopfer**, 965 A.2d 270, 272 (Pa.Super. 2009) (enumerating extraordinary circumstances, such as where **counsel** fails to file court-ordered Rule 1925(b) statement, which would warrant remand for filing of statement, based upon *per se* ineffectiveness of counsel). **See also Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4

(Pa.Super. 2009) (noting **counsel's failure** to file court-ordered Rule 1925(b) statement requires remand for filing of concise statement *nunc pro tunc* under revised Rule 1925(c)(3)); **Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008) (recognizing relaxed strict application of **Lord** under recent amendment to Rule 1925 and stating "the complete failure by counsel to file a Rule 1925(b) statement, as ordered, is presumptively prejudicial and clear ineffectiveness"). Additionally, this Court may address the merits of a criminal appeal where the appellant failed to file a timely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issues raised on appeal. **See generally Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2008) (*en banc*) (addressing post-amendment Rule 1925 and ramifications regarding untimely Rule 1925(b) statement).

Instantly, Appellant did and continues to proceed *pro se* in this summary case. Appellant filed a *pro se* notice of appeal on January 13, 2016. On February 2, 2016, Appellant filed her Superior Court Criminal Docketing Statement and attached a document entitled "Issue(s) to be Raised." The court ordered Appellant on February 10, 2016, to file of record and serve on the judge and the Commonwealth a Rule 1925(b) statement within twenty-one days. **See** Pa.R.A.P. 1925(b)(3)(i)-(iii). The court's order also stated that any issue not raised in the Rule 1925(b) statement would be deemed waived. **See** Pa.R.A.P. 1925(b)(3)(iv). Thus, the court's order

triggered Appellant's obligation to file her statement of record and serve it on the trial court and the Commonwealth by March 2, 2016. *See id.* On Friday, March 4, 2016, Appellant filed a *pro se* Rule 1925(b) statement in this Court that differed from the Superior Court Criminal Docketing Statement and attached "Issue(s) to be Raised" she had previously filed. Appellant later filed another Rule 1925(b) statement in the trial court on April 13, 2016. Nothing in the record indicates Appellant served a copy of either Rule 1925(b) statement on the trial court and the Commonwealth. Moreover, Appellant appeared *pro se* throughout her summary case, so she alone was responsible for filing her court-ordered Rule 1925(b) statement in a timely manner. Appellant failed to comply with the Rule 1925(b) order. Therefore, she waived her issues on appeal.

Even if Appellant had properly preserved her issues, we would deny relief based on the opinion of the Honorable Lawrence F. Clark, Jr., who was only able to refer to Appellant's Superior Court Criminal Docketing Statement and attached "Issue(s) to be Raised." (**See** Trial Court Opinion, filed April 21, 2016, at 1-2, 4-6) (finding: as prefatory matter, Appellant waived issues on appeal because Appellant's "Issue(s) to be Raised" in her docketing statement lacked specificity and failed to comply with Rule 1925(b); to extent Appellant appears to challenge reasonable suspicion/sufficiency of evidence, Officer Bennett testified credibly; Officer Bennett stated he encountered many vehicles with windows tinted too darkly

during his ten years as police officer; Officer Bennett stated that before he stopped Appellant's vehicle, he observed window tint on Appellant's vehicle was well below regulatory 70% light transmittance threshold; after Officer Bennett pulled Appellant over, Appellant refused to permit Officer Bennett to test her vehicle window tint; Officer Bennett estimated window tint to permit between 20% and 50% light transmittance; Officer Bennett issued citation to Appellant under Section 4107(b)(2) of Motor Vehicle Code for violations of 67 Pa.Code 175.263(a) and (b); Appellant testified she had attempted to obtain exemption for her vehicle window tint from PennDOT for last four years, which indicated she was aware her vehicle window tint was illegal; officer had reasonable suspicion to stop Appellant and evidence was sufficient to convict her of violating Section 4107(b)(2) of Motor Vehicle Code). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2016

- 11 -



COMMONWEALTH OF
PENNSYLVANIA,
          Appellee

      : IN THE COURT OF COMMON PLEAS
      : DAUPHIN COUNTY, PENNSYLVANIA
      :
      :
      :
      :

vs.
      : NO. 165-SA-2015
      :
      :

JUNELL RAE WRIGHT,
          Appellant/Defendant

      :
      :
      :
      :

## IN RE: OPINION PURSUANT TO PA. R.A.P. 1925

**CLARK, SJ., April 21st, 2016.**

In this summary appeal case, Junell Rae Wright (hereinafter "Defendant") appeals from this Court's Order following a hearing held on December 17, 2015, finding the Defendant guilty of two counts of 75 Pa.C.S.A. § 4107(b)(2).

The basis for the appeal has been expressed by the Defendant in an "Issue(s) To be Raised:" as follows[1]:

1. PennDOT refused to issue medical waiver as allowed in § 4524(e).
2. Police are to be following § 4524(e) for tint violations as shown is [sic] (2) separate DUI/Drug related arrest(s) from York Co. PA before Superior Court.
3. PennDOT may not issue inspection sticker to **ANY** vehicle in violation as specificed in §4727(b).
4. Inspection code still has tint.
5. My vehicle is grandfathered in per PennDOT bulletin(s).
6. In Commonwealth v. Brubaker it was stated regulation is being incorrectly applied as a safety standard and is unreasonable interpretation of 4524(e)(1).
7. Officer did not have enough reasonable suspcion [sic].
8. Tint meters not regulated in statute.

---

[1] This Court notes that Defendant's Issues To be Raised is attached to the Superior Court of Pennsylvania Criminal Docketing Statement filed February 2, 2016. Defendant's Issues To be Raised was filed before this Court's 1925(b) Order which was filed on February 10, 2016.

9. FMVSS 205 is a manufacture standard. It is for driver and occupant safety not police safety or outside visibility.[2]

This opinion in support of the judgment of sentence is written pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## FACTUAL HISTORY

On June 18, 2015, Officer Robert Bennett ("Officer Bennett"), employed by the Derry Township Police Department[3] conducted a traffic stop on the Defendant in the 300 block of North Lingle Avenue, Derry Township, Dauphin County.[4] Officer Bennett testified that as the Defendant passed his vehicle, he took notice that her window tinting on her Plymouth Duster was "well below the 70 percent that's required by the inspection regulation, title 67." *Id* at 4. Officer Bennett testified that the Defendant was aware that her window tinting was illegal and that the Defendant refused to allow the Officer to use a TM100 tint meter to test the percentage of the windows. *Id* at 5. The Defendant refused to put the window up or any of the windows down so the Officer could conduct a tint test on the windows. *Id.* Officer Bennett testified that during his ten years as a police officer, he has experienced many vehicles that were tinted too darkly. *Id.* Officer Bennett testified that it was clear to him that the window tint was well below the 70 percent and Officer Bennett testified that, in his estimation, the window tint was somewhere between 20 and 50 percent. *Id.* Officer Bennett issued a citation for unlawful activities Section 4701(b)(2) using the 67 Pa. Code § 175.263 (a) and (b) testifying that the front door, rear door, and rear windows of the vehicle were all tinted. *Id.* at 6. As such, Officer Bennett charged her for violation of Pa. Code § 175.263 under two sections (a) and (b), one for being the doors and one for being the rear window

---

[2] Defendant's Issues To be Raised filed February 2, 2016 attached to Superior Court of Pennsylvania Criminal Docketing Statement.
[3] Officer Bennett has been deployed as a police officer for ten years.
[4] Transcript of Proceedings, 3,4 Summary Appeal Hearing, December 17, 2015 (hereinafter "N.T. ____")

2

of her vehicle. *Id.* On cross-examine, the Defendant,[5] attempted to elicit from Officer Bennett that Officer Bennett did not have a reasonable suspicion to pull her over.[6] *Id.* at 8. However, Officer Bennett testified that he knew that her windows were dark enough when her vehicle passed his. *Id.* at 8.

The Defendant elected to testify on her own behalf. Defendant began testifying about this being a PennDOT problem with PennDOT failing to comply with Section 4524(e)(3)(iii)(a) and (b) and how she should have been issued a certificate for exemption. *Id.* at 11. However, when asked whether the Defendant had a certificate for exemption, she clearly evades the answer and instead states "I've applied. Been fighting with them [PennDOT] for years over this." *Id.* at 12,13. And when asked again if she has a certificate for exemption, she answers "PennDOT absolutely says there's no such thing." *Id.* at 13. Finally, the Defendant testified that she should have been grandfathered in because her vehicle is from 1993 and that her vehicle has been tinted before she bought it. *Id.* at 13, 14. However, the Court responded that "it doesn't conform because you just told me you've been fighting with PennDOT for four years to get an exemption, and you don't have one." *Id.* at 14.

## DISCUSSION

It is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super.2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issues an appellant wishes to raise on appeal." *Id.* Further, the Superior Court may find a waiver where a concise statement is too

---

[5] The Defendant represented herself *pro se* at the summary appeal hearing.
[6] The Defendant also attempted to ask questions about a "nonconorming tint waiver," and PennDOT's regulatory reviews. See N.T. 7-9.

3

vague. *Id.* "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa.Super.2001) (citation omitted). A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686-87.

In the instant matter, the *pro se* Defendant has raised a number boilerplate claims that fail to identify any specific issues on appeal. Instead, Defendant proceeds to 'list' numerous problems that he had with the trial court. Therefore, Appellant has waived any issues she may have had on appeal in this matter by failing to identify any specific issue on appeal. *See* Pa.R.A.P. 1925(b)(4); *Commonwealth v. Hansley*, 24 A.3d 410, at 415 (Pa.Super.2011).

If, however, this Honorable Court finds that Defendant's issues to be raised were sufficient, Defendant should be found guilty of two counts of 75 Pa.C.S.A. § 4107(b)(2)[7]. In essence, the Defendant argues that the Commonwealth does not meet its burden of showing that Defendant is guilty of Section 4107(b)(2). The Defendant in the instant matter, relies heavily on *Commonwealth v. Brubaker*, 5 A.2d 261 (Pa.Super.2010). However, Defendant's reliance on *Brubaker* is wholly inapposite as the appellant in *Brubaker* was charged with violating Section 4524(e)(1) while the Defendant here was charged with violating Section 4107(b)(2). The reasons as set forth in *Commonwealth v. Houck*, 2016 WL 379561, No. 489 WDA 2015 (Super. 2016) are persuasive and are stated below[8]:

---

[7] This Court believes that Defendant's argument can best be described as set forth in her 6th issue to be raised and is stated as follows: "In *Commonwealth v. Brubaker* it was stated regulation is being incorrectly applied as a safety standard and is unreasonable interpretation of 4524(e)(1)."

[8] This Court notes that *Houch* was a non-precedential decision. However, Superior Court Internal Operating Procedures, 42 Pa.C.S.A. § 65.37 (A) provides that "[a]n unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judiciata, or collateral estoppel." As such, this Court finds the reasoning set forth in *Houch* to be persuasive.

4

Our holding in *Brubaker* does not inure to Houck's benefit, as the appellant in *Brubaker*, unlike Houck in the instant case, was *not* charged with violating section 4107(b)(2). Rather, the appellant in *Brubaker* was charged under section 4524(e)(1), which does not prohibit a person from driving a motor vehicle which possesses sun screening material that reduces transmittance of light to below any particular standard. *Brukaer,* 5 A.3d at 264-65. Indeed, the court in *Brubaker* seemingly suggested that, given the officer's ability to see into the appellant's vehicle, the proper charge would have been under section 175.67(d)(4), which specifically references Table X and its specific requirements for light transmittance. *See Brubaker,* 5 A.2d at 264. Unlike the appellant in *Brubaker*, Houck was charged with violating section 4107(b)(2), which prohibits a person from operating a motor vehicle in violation of PennDOT regulations, including the 70% light transmittance standard referenced in section 175.67(d)(4) and Table X. As such, *Brubaker* is inapposite.

Here, section 4524(e)(1) is more specific than section 4107(b)(2). The former regulates window tint "which does not permit a person to see or view the inside of the vehicle through the windshield." 75 Pa.C.S.A. § 4524(e)(1). Contrarily, section 4107(b)(2) regulates all types of equipment violations. Indeed, because of the broad application of section 4107(b)(2), it contains elements outside of the more specific section 4524(e)(1), and a violation of section 4107(b)(2) does not necessarily involve a violation of section 4524(e)(1). *See Brubaker,* 5 A.2d at 264-65 (stating that "the language of [section 4524(e)(1)] does not prohibit a person from driving a motor vehicle which possesses sun screening material that 'reduces the transmittance of light below 70%.'"). Indeed, the Commonwealth can prove an equipment violation if it shows a window tint that *does* permit a person to see or view the inside of the vehicle through the windshield, but *does not* meet the light transmittal requirements of Table X. *See id.* at 265 (stating that "[section 4524(e)(1)] also does not prohibit a person from driving a motor vehicle which possesses sun screening material that reduces the transmittance of light to below a standard to be determined and published by PennDOT."). therefore, we conclude that, because the general statute at section 4107(b)(2) is not encompassed by the more specific statute at section 4524(e)(1), there is no bar against the Commonwealth pursuing Houck under the general statute at section 4107(b)(2).

In the instant matter, Officer Bennett testified[9] that he noticed the window tinting on Defendant's Plymouth Duster to be well-below the 70 percent that is required by the vehicle statute. As such, the officer charged the Defendant under Section 4107 of the Vehicle Code as

---

[9] This Court found Officer Bennett's testimony to be credible.

opposed to the more stringent Section 4524. Section 4107(b)(2) provides that is unlawful for any person to "operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part of under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations." Just like the scenario in *Houck* (whereas the Defendant was charged with violation of Section 4107(b)(2)), Defendant, in the instant matter is faced with a similar situation. Defendant was stopped by an Officer who observed that her windows were equipped with window tint (also known as "sun screening"). Officer continued to pull her over and the Defendant refused to have her windows tested. Instead of impounding the vehicle and causing major inconvenience in order to test the window tint, the Officer issued a citation under Section 4107(b)(2). The Officer[10] clearly testified that he estimated the window tint to be between 20 and 50 percent. And the Defendant herself even admitted that she was aware that her windows were illegal as she was trying to get an exemption from PennDOT for the last four years.[11] As Defendant's vehicle did not meet the light transmittal requirements, and the Defendant herself knew her window tinting was illegal, the Defendant is guilty of violating Section 4107(b)(2) of the vehicle code.

---

[10] The Officer has been a police officer for ten years and has been involved with numerous instances where window were tinted too darkly.

[11] Defendant argues that PennDOT should have issued her an exemption and that because they did not, she should not have been found guilty. However, this Court notes that if Defendant has a problem with the issuance of an exemption from PennDOT, this is not the proper jurisdiction to bring this matter.

6

For the foregoing reasons, it is believed that our December 17, 2015 Order finding the Defendant guilty of Section 4107 of the vehicle code was properly entered.

**ISSUED AT HARRISBURG,** the date first above written.

BY THE COURT:

Lawrence F. Clark, Jr., Senior Judge

Distribution:
Stephen McClendon, Esquire – District Attorney's Office
Joseph Cardinale, Esquire – District Attorney's Office
Junell Rae Wright
~~Judges' Chambers – Megan Klemick~~
Court Administration – Deb Freeman
Court Administration – Bobby Sissock
Honorable Lawrence F. Clark, Sr.
Judges' Chambers – Megan Klemick

7